Louis L. FENTON et ux., Appellants,

v.

Carroll O. WADE, Appellee.

No. 15822.

Court of Civil Appeals of Texas.

Fort Worth.

May 31, 1957.

Rehearing Denied June 28, 1957.

Musick, Shepherd & Musick and Ted Musick, Houston, for appellants.

Baker, Botts, Andrews & Shepherd, R. C. Winkelman and William C. Harvin, Houston, for appellee.

RENFRO, Justice.

Appellants Fenton and wife brought suit against appellee Wade for damages for personal injuries sustained in an automobile collision. Appellee filed a cross-action. The jury found negligence and proximate cause against both parties, whereupon the court entered a take nothing judgment as to appellants and appellee.

Appellants' first point of error complains of the trial court's action in not allowing them to fully question the jury panel as to their prejudice on amounts of money. The record does not disclose the question or questions appellants sought to ask the panel, nor does it disclose the court's ruling. The rulings of the trial court are presumptively correct, and generally an appellate court will only consider matters shown by the record. To procure a reversal the appellant must bring up a record which affirmatively shows that an error was committed, and that it was of such nature as was calculated to injure him. 3–A Tex.Jur., p. 486, sec. 391. Moreover, the extent of voir dire examination is large-ly within the discretion of the trial court, and his acts will not be revised on appeal unless it clearly appears that his discretion has been abused. Fort Worth & D. C. Ry. Co. v. Kiel, Tex.Civ.App., 195 S.W.2d 405. In the absence of any record of the proceedings of which complaint is made, we, of course, cannot say the trial court abused his discretion.

Next, appellants allege error on the part of the trial court in instructing a verdict against appellant Fenton on his action for personal injuries.

The only evidence brought to this court in the statement of facts was the testimony of a physician concerning the injuries to appellee Wade. The partial statement of facts before us contains no other evidence.

As a general rule, the appellate court may consider only such evidence as is incorporated into the statement of facts, and hence, in the absence of a statement of facts it cannot pass upon questions which depend on or require a consideration of the facts or the evidence. 3–A Tex.Jur., p. 585, sec. 458.

In the absence of a statement of facts, we cannot determine that the court erred in instructing a verdict against appellant Fenton. The following statement by the Supreme Court in Houston Fire & Casualty Ins. Co. v. Walker, 152 Tex. 503, 260 S.W. 2d 600, 603, is applicable to the instant case: "It is an exceptional case in which an appellant is entitled to a reversal of the trial court's judgment in the absence of a statement of facts, and this is not such a case." See also Lane v. Fair Stores, 150 Tex. 566, 243 S.W.2d 683.

In point three appellants contend the trial court erred in allowing appellee, during the trial, to file a trial amendment setting up a statutory ground of negligence against them. Although appellants in their brief say they objected and excepted to the filing of the trial amendment, we fail to find any such objection or exception in the rec-

ord. In any event, appellants have not shown they were prejudiced by the filing of the trial amendment. Rule 66, Texas Rules of Civil Procedure.

 Appellants, in points four and seven, allege error of the court in submitting an issue as to appellee's injuries. Since appellee was denied any recovery on his cross-action, the errors, if any there were, in the issue are immaterial.

The fifth point of error contends the court erred in instructing appellants' attorney not to question appellee about pleading guilty to an offense involving moral turpitude in the Federal Court. The transcript reveals that the trial court, on motion of appellee, instructed appellants not to inquire about or mention in the presence of the jury "the currently pending indictment" against appellee. The instruction given by the court was proper.

 Proof of conviction of crime may be shown when it involves moral turpitude, but proof of a mere charge or indictment of such offense may be shown only when the witness presently admits that he is guilty of the offense. Texas & N. O. Ry. Co. v. Parry, Tex.Com.App., 12 S.W.2d 997; Kennedy v. International-Great Northern R. Co., Tex.Com.App., 1 S.W.2d 581; McCormick and Ray, Texas Law of Evidence, p. 400; Bunch v. Texas Employers' Ins. Ass'n, Tex.Civ.App., 209 S.W.2d 657.

 The record before us does not show by evidence, bill of exception or otherwise any effort on the part of appellants to question appellee about a conviction for an offense involving moral turpitude, or about an indictment for such to which the appellee presently admitted his guilt. The point of error is overruled.

 In point six appellants contend there were no pleadings and no evidence to substantiate issues 15 through 24. The record discloses no exception to the pleadings or objections to the issues submitted.

We have examined the pleadings and find them sufficient to support the issues submitted. In the absence of a statement of facts we must presume the evidence was sufficient to justify the submission of said issues to the jury, and sufficient to uphold the jury's findings. Schweizer v. Adcock, 145 Tex. 64, 194 S.W.2d 549.

The judgment of the trial court is affirmed.