**L.L.M. d/b/a Naco Brake & Alignment, Appellant,**

v.

**Ronald W. MAYES and wife, Jay S. Mayes, Appellees.**

No. 04-86-00393-CV.

Court of Appeals of Texas, San Antonio.

June 10, 1987.

Kevin Schleicher, San Antonio, for appellant.

John A. Mead, San Antonio, for appellees.

Before BUTTS, DIAL and CHAPA, JJ.

## OPINION

CHAPA, Justice.

This cause of action arose out of a series of automobile repairs performed from June 1983, through September 20, 1983, by Naco Brake & Alignment on an automobile owned by Ronald B. Mayes and wife, Jay S. Mayes (hereinafter collectively referred to as Mayes). The original suit, alleging conversion and other causes of action, was filed by Mayes against Lester L. Munson d/b/a Naco Brake & Alignment on December 15, 1983. On June 8, 1984, Naco Brake & Alignment filed its original counterclaim. On January 21, 1986, Mayes filed their third amended petition naming for the first time L.L.M., Inc. d/b/a Naco Brake & Alignment as a defendant. The identical causes of actions were alleged against L.L.M., Inc. d/b/a Naco Brake & Alignment as had been alleged against Lester L. Munson d/b/a Naco Brake & Alignment, in the original petition. The case was tried to a jury and, based on the verdict, the trial court rendered judgment for Mayes against L.L.M., Inc. d/b/a Naco Brake & Alignment (hereinafter referred to as L.L.M.) on the theories of breach of express and implied warranties and conversion. A motion for new trial was overruled, and L.L.M. has appealed to this Court.

In point of error number one, L.L.M. contends the trial court erred in denying the application of the statute of limitations. L.L.M. asserts the two year statute of limitation bars any claim against L.L.M. because the corporation was not made a party defendant until two years had passed from the date the cause of action arose.

L.L.M. has appealed without a statement of fact, or findings of facts and conclusions of law. When an appellate court is called upon to revise the ruling of a trial court, it must do so upon the record before that court when such ruling was made. *Gould v. City of El Paso*, 440 S.W.2d 696 (Tex. Civ.App.—El Paso 1969, writ ref'd n.r.e.). Rulings of the court are presumptively correct, and an appellate court will consider only matters shown by the record. To procure reversal the appellant must bring up a record which affirmatively shows that an error was committed. *Fenton v. Wade*, 303 S.W.2d 816 (Tex.Civ.App.—Fort Worth 1957, writ ref'd n.r.e.). The burden is on the appellant to bring forward a record that demonstrates the ruling of the trial court complained of was erroneous.

*Pruitt v. Morris,* 517 S.W.2d 654 (Tex.Civ. App.—Tyler 1974, no writ).

TEX.R.CIV.P. 28 states:

Rule 28.  Suits in Assumed Name

Any partnership, unincorporated association, private corporation, or individual doing business under an assumed name may sue or be sued in its partnership, assumed or common name for the purpose of enforcing for or against it a substantive right, but on a motion by any party or on the court's own motion the true name may be substituted.

The appellate courts have interpreted this rule to toll the statute of limitations in suits involving assumed names.  The Supreme Court of Texas first recognized the tolling effect of Rule 28 on the statute of limitations in cases involving assume name suits in *Continental Southern Lines, Inc. v. Hilland,* 528 S.W.2d 828 (Tex.1975).  After recognizing the tolling effect of amended Rule 28 on the statute of limitations the Supreme Court denied the application of the rule because "the suit was not brought against the entity in its assumed or trade name," and "the two year period of limitation would have run in March of 1970,—before the effective date of the amendment of the rule in [January 1] 1971." *Id.* at 830.

In *Cohen v. C.H. Leavell & Co., Inc.,* 520 S.W.2d 793 (Tex.App.—El Paso 1975, no writ) the plaintiff filed its original suit against C.H. Leavell & Co., Inc. d/b/a Kern Plaza.  It was later discovered that C.H. Leavell & Co., Inc. was not the owner of Kern Plaza.  After the statute of limitations had run, plaintiff filed an amended petition against Leavell Enterprises and Rio Grande Industries, Inc. d/b/a Kern Plaza, which were the correct owners of Kern Plaza at the time the cause of action arose.  Leavell Enterprises and Rio Grande Industries invoked the running of the statute of limitations and moved for a dismissal.  The El Paso Court of Appeals, in holding the statute of limitations was tolled by the application of rule 28 stated:

True, the application of the rule of law [Rule 28] permits a cause of action to be asserted against a separate entity after the statute of limitations has run, but this is not true as to just any entity but is limited to instances of doing business under an assumed name.

*Id.* at 795–96.

We conclude that in the case before us the suing of one corporation under the assumed name tolled the statute of limitations as to the other corporation operating that business under the same name.

*Id.* at 796.  *Cohen* was endorsed and upheld in *Howell v. Coca-Cola Bottling Co. of Lubbock, Inc.* 595 S.W.2d 208 (Tex.App. —Amarillo 1980, writ ref'd n.r.e.) 599 S.W.2d 801 (Tex.1980).  After recognizing the tolling effect of Rule 28 on the statute of limitations, the Amarillo court stated:

Rule 28 creates a procedure that permits suit by or against a business entity for the purpose of enforcing for or against it a substantive right in its partnership, assumed or common name.  The rule does not, however, change any substantive rights.  *Cohen v. C.H. Leavell & Co., Inc.,* 520 S.W.2d 793 (Tex.Civ.App.— El Paso 1975, no writ).  One of the purposes of the rule is to permit a plaintiff to sue a business entity or permit a business entity to sue, in the name by which it represents itself to the public.  Obviously, however, the rule has no relevance to a case unless the suit is brought by or against the business entity in its assumed or common name.  *See* e.g. *Continental Southern Lines, Inc. v. Hillard,* 528 S.W.2d 828, 830 (Texas.1975).

*Howell,* 595 S.W.2d at 211.  However, because the suit had not been filed against a business entity in its assumed or common name, Rule 28 did not apply.

■ As in *Cohen,* in the case at bar the original suit was against Lester L. Munson d/b/a Naco Brake & Alignment.  After the statute had run, Meyers filed an amended pleading against L.L.M., Inc. d/b/a Naco Brake & Alignment, the correct owner of Naco Brake & Alignment.  We hold that the cause before us involves a suit against an assumed name and triggers the application of Rule 28 which tolls the statute of limitations as to L.L.M.  The record re-

flects that the "Naco Brake & Alignment" filed a cross action against Meyers prior to the running of the statute of limitations. Since Naco Brake & Alignment was clearly an assumed name of L.L.M. at all pertinent times, the cross-action was the action of L.L.M. and established L.L.M.'s knowledge and participation in the Meyers cause of action prior to the running of the statute of limitations. Further, the burden is on L.L.M. to bring forward a record that demonstrates the ruling of the trial court complained of was erroneous, *Pruitt v. Morris,* 517 S.W.2d 654, and the presumptions are in favor of the trial court's ruling, *Fenton v. Wade,* 303 S.W.2d 816. L.L.M. has failed to discharge its burden of showing the trial court erred. Point of error number one is overruled.

■ In point of error number two, L.L.M. contends the trial court erred as a matter of law in finding conversion. L.L.M. argues that the jury answers to special issues numbers 26, 27, 28, and 30 establish a possessory lien on the automobile, which as a matter of law precludes a finding of conversion. We disagree. The pertinent special issues according to L.L.M. are:

### SPECIAL ISSUE NO. 26

Do you find from a preponderance of the evidence that Naco Brake and Alignment performed mechanical work on Plaintiff's 1974 Volvo as evidenced by Plaintiffs' Exhibit Number 7?

Answer "we do" or "we do not."

Answer: We Do

### SPECIAL ISSUE NO. 27

What do you find from a preponderance of the evidence is a reasonable sum to compensate Naco Brake and Alignment for the work performed as shown by Plaintiffs' Exhibit Number 7?

Answer in dollars and cents, if any.

Answer: $387.00

### SPECIAL ISSUE NO. 28

Do you find from a preponderance of the evidence that Plaintiffs, Ron and Jay Mayes, paid for the work described in Plaintiffs' Exhibit Number 7?

Answer "we do" or "we do not."

Answer: We Do Not

### SPECIAL ISSUE NO. 30

Do you find from a preponderance of the evidence that the work performed on Plaintiffs' 1974 Volvo as reflected on Plaintiff's Exhibit 7 was authorized?

Answer "we do" or "we do not."

Answer: We Do

However, we also note the following issue was submitted and answered by the jury:

### SPECIAL ISSUE NO. 29

Do you find from a preponderance of the evidence that the work performed on Plaintiffs' 1974 Volvo as reflected on Plaintiffs' Exhibit 7 was reasonable and necessary?

Answer "we do" or "we do not."

Answer: We Do Not

L.L.M. relies on *River Oaks Chrysler-Plymouth, Inc. v. Barfield,* 482 S.W.2d 925, 928 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ dism'd). Although the court in *River Oaks* exonerated the appellant from the allegations of conversion, because a valid chattel mortgage expressly empowered appellant to repossess the automobile, the decision does not support the contentions of L.L.M. In *River Oaks,* the Court of Appeals stated:

> However, we found no authority which authorizes an artisan's lienholder summarily to repossess the chattel upon which he has labored once he has surrendered possession of it unless contractually provided. Thus, while appellant's artisians lien can serve as a basis for recovery of payment for services, *it will not serve as a defense to an action for conversion.* (Emphasis added).

*Id.* at 926. TEX.CIV.STAT.ANN. art. 5503 (repealed 1984) was the applicable statute on possessory liens in effect at the time of this transaction, and provided:

> (a) Whenever any article, implement, utensil, or vehicle shall be repaired with labor and material, or with labor and without furnishing material by any car-

penter, mechanic, artisan, or other workman in this State, such carpenter, mechanic, artisan, or other workman is authorized to retain possession of said article, implement, utensil, or vehicle until the amount due on same for repairing by contract shall be fully paid off and discharged. In case no amount is agreed upon by contract, then said carpenter, mechanic, artisan, or other workman shall retain possession of such article, implement, utensil, or vehicle, until all reasonable, customary and usual compensation shall be paid in full.

(b) In the event that a mechanic or other workman shall relinquish possession of a motor vehicle, due to the acceptance or receipt of any check, draft, or written order for the payment of the indebtedness due thereon, and in the event that payment is stopped on such check, draft, or written order, the possessory lien established by the preceding paragraph (a) shall not be deemed to be released or relinquished, and the person to whom said lien has accrued shall be entitled to possession of said motor vehicle, until the indebtedness due thereon shall have been paid. This paragraph (b) shall not be applicable to a bona fide purchaser of such motor vehicle, subsequent to any stop payment order.

Appellant had the burden of establishing the prerequisites of article 5503(a), (b) in order to claim a valid possessory lien to preclude, as a matter of law, a finding of conversion. Without a record, we are unaware of what "Exhibit 7" was; whether a contract on the repairs existed; whether the amount of the contract was paid for; whether possession of the vehicle was relinquished by appellant; whether such relinquishment was due to a check, draft, or a written order for payment on which payment was stopped; or whether the vehicle was possessed by a bona fide purchaser of the vehicle after the stop payment order was made. In answering Issue No. 29, the jury did not believe the work performed by appellant was reasonable and necessary. Appellant has the burden of bringing forward a record to demonstrate his contention before an appellate court. *Pruitt v. Morris*, 517 S.W.2d 654. Appellant has failed to discharge his burden of establishing a valid possessory lien as a matter of law. Point of error two is overruled.

The judgment is affirmed.