IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-90-108-CV




CAROLYN YOUNGBLOOD,



 APPELLANT


vs.





W. R. GRACE & CO.-CONN., D/B/A/ HANDY DAN, AND


CHANNEL HOME CENTERS, INC., D/B/A HANDY DAN,




 APPELLEES



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT



NO. 446,417, HONORABLE JERRY DELLANA, JUDGE PRESIDING



 




 This is an appeal from a summary judgment granted in favor of appellees W.R.
Grace & Company ("Grace") and Channel Home Centers, Inc. ("Channel"). In her original
petition, appellant Carolyn Youngblood misidentified the potentially-liable party and sued the
wrong defendant, allowing the statute of limitations to run against Grace and Channel. We will
affirm the judgment of the trial court.



THE CONTROVERSY


 On July 6, 1986, Youngblood slipped and fell in a Handy Dan hardware store in
Euless, Tarrant County, Texas. On July 6, 1988, she filed this personal injury action naming
"Wickes Company, Inc. d/b/a Handy Dan" ("Wickes") as defendant. Wickes answered by
denying ownership or responsibility for the Euless Handy Dan.

 On August 30, 1988, more than two years after the injury, Youngblood amended
her petition, in effect dismissing the action against Wickes and instead naming as defendant "W.
R. Grace & Company-Conn. d/b/a Handy Dan." Grace answered by denying that it conducted
business in this capacity. In its answer, Grace identified Channel Home Centers as the correct
owner. Finally, March 20, 1989, Youngblood filed her second amended petition, adding
"Channel Home Centers, Inc. d/b/a Handy Dan" as an additional defendant. The same private
attorney represented each of the three named defendants.

 The trial court granted summary judgment in favor of Grace and Channel pursuant
to their motions asserting a statute-of-limitations defense. In one point of error, Youngblood
complains that the trial court erred in granting summary judgment because the filing of the first
petition tolled the statute of limitations as to the true owner of the Handy Dan store. She argues
that Grace and Channel failed to establish as a matter of law that the statute of limitations barred
the suit because: (1) filing suit against all three defendants under the assumed name of "Handy
Dan" tolled the statute of limitations; (2) in the interest of justice, she should be given her day in
court; and (3) the cases Grace and Channel cited to the trial court do not control this cause. The
parties agree the claim is governed by the two-year statute of limitations. See Tex. Civ. Prac. &
Rem. Code Ann. § 16.003 (1986).



DISCUSSION AND HOLDING


 When reviewing a summary judgment, this Court must determine if the movant
established as a matter of law that no genuine issue of material fact existed and that it is entitled
to judgment as a matter of law. See Gibbs v. General Motors Corp., 450 S.W.2d 827, 828 (Tex.
1970). In making this determination, evidence favorable to the appellant will be taken as true,
and we must indulge every reasonable inference and resolve all doubts in the appellant's favor. 
Nixon v. Mr. Property Management, 690 S.W.2d 546, 548-549 (Tex. 1985).

 When a defendant moves for summary judgment on the basis of an affirmative
defense such as limitations, the movant must prove conclusively all elements of the defense as a
matter of law, leaving no genuine issue of material fact remaining. Montgomery v. Kennedy, 669
S.W.2d 309 (Tex. 1984); Zale Corp. v. Rosenbaum, 520 S.W.2d 889 (Tex. 1975). Once the
movant establishes an affirmative defense which would bar the suit as a matter of law, in response
the non-movant must adduce summary-judgment proof in avoidance of the affirmative defense. 
See "Moore" Burger, Inc. v. Phillips Petroleum Co., 492 S.W.2d 934 (Tex. 1972); Palmer v.
Enserch, 728 S.W.2d 431, 435 (Tex. App. 1987, writ ref'd n.r.e.).

 Youngblood contends in her first argument that she sued all three defendants under
the assumed name of "Handy Dan," thereby tolling the statute as to each corporation operating
under the Handy Dan name. In support of this argument, Youngblood cites Rule 28 of the Texas
Rules of Civil Procedure, which permits a plaintiff to sue a corporation doing business under an
assumed name in either its partnership name, assumed name, or common name, see Tex. R. Civ.
P. Ann. 28 (1979), and cases interpreting this rule to mean that a suit under an assumed name
against one corporation tolls the statute of limitations as to another corporation operating a
business under the same assumed name. See L.L.M. v. Mayes, 733 S.W.2d 643, 644 (Tex. App.
1987, no writ); Cohen v. C.H. Leavell & Co., Inc., 520 S.W.2d 793, 795 (Tex. Civ. App. 1975,
no writ).

 Youngblood contends that even though Wickes, Grace and Channel are separate
legal entities, they all operated the same business under the same assumed name. The summary-judgment record does not bear out this claim. The evidence shows that Grace owned the Euless
Handy Dan store on the date Youngblood fell. After the date of the injury, but before suit was
filed, Channel acquired Grace Retail Corporation. The proof is conclusive and the fact is
undisputed that Wickes had no connection with the Euless Handy Dan store. The summary-judgment record does show that a month after Youngblood fell, Wickes filed with the secretary
of state's office an assumed-name certificate showing that it was doing business in Dallas County
under the name "Handy Dan." Wickes abandoned the certificate after Youngblood filed suit.
Aside from the assumed-name certificate, the summary-judgment record contains no proof
connecting Wickes in any way to any Handy Dan store.

 Furthermore, Youngblood did not sue "Handy Dan." Instead, on the last possible
day before the statute of limitations ran, she sued only "Wickes Company, Inc., d/b/a Handy
Dan." Stating that a party is doing business under another name through a notation of "d/b/a
Handy Dan" on the petition does not make "Handy Dan" a party to the litigation. See National
Medical Enters., Inc. v. Wedman, 676 S.W.2d 712, 714 (Tex. App. 1984, no writ); see also
Dillard v. Smith, 205 S.W.2d 366, 367 (Tex. 1947).

 Rule 28 of the Texas Rules of Civil Procedure and the cases Youngblood cites
interpreting that rule do not apply when an action is brought against the wrong corporate entity
rather than against an entity in its assumed name. See Continental S. Lines v. Hilland, 528
S.W.2d 828, 830 (Tex. 1975). Youngblood's first argument has no merit.

 Controlling in this case is the distinction between misnomer and misidentification
of defendants. A plaintiff's misnaming the correct defendant (misnomer) tolls the statute of
limitations; the amended petition accurately naming the correct defendant then relates back to the
date of the original petition. A plaintiff's mistake in naming an existing but incorrect corporation
as defendant (misidentification), however, does not toll the statute of limitations. Enserch v.
Parker, 794 S.W.2d 2, 4-5 (Tex. 1990).

 Here, Youngblood named the wrong party, in effect suing the wrong defendant.
This is an instance of misidentification, which does not toll the statute of limitations. Youngblood
joined neither Grace nor Channel as a party until more than two years after the injury. Thus, as
to Grace and Channel, the statute of limitations had run.

 In an instance of misidentification, however, an equitable exception to the statute-of-limitations bar may apply. The exception requires that a business relationship exist between the
separate legal entities, the incorrect but timely sued defendant and the correct defendant who
asserts the defense of limitations. See Matthews Trucking Co. v. Smith, 682 S.W.2d 237, 239
(Tex. 1984); see also Parker, 794 S.W.2d at 6; Palmer, 728 S.W.2d at 433. If the plaintiff
shows that the purpose of the statute is not served by barring suit because the correct defendant
was not misled or placed at a disadvantage in obtaining defense evidence due to the
misidentification, a court may decline to apply the statute of limitations. See Hilland, 528 S.W.2d
at 831; Palmer, 728 S.W.2d at 433. 

 Youngblood contends in her second argument that this exception applies. 
However, the record affirmatively demonstrates the absence of any business relationship between
Wickes and appellees Grace or Channel. Wickes is a legally distinct corporation from these
defendants and had no connection with the Euless Handy Dan store. The record is devoid of any proof raising an issue that a "business relationship" existed between Wickes and appellees that
would satisfy the Matthews test.

 The only connection shown between Wickes and appellees Grace and Channel is
that the same private attorney represented all three. In Parker, the court found significant the fact
that the same corporate legal department represented the corporate defendants, thereby preventing
the correct defendant from suffering any disadvantage in obtaining relevant evidence to defend the
suit. Unlike Parker, so far as the record here shows, the attorney undertook appellees'
representation after Wickes was dismissed from the suit. The fact that each named defendant
employed the same counsel in no way suggests that Grace and Channel were aware of the pending
litigation against Wickes or of their potential liability to Youngblood. Howell v. Coca-Cola
Bottling Co., 595 S.W.2d 208, 212 (Tex. Civ. App.), writ ref'd per curium, 599 S.W.2d 801
(Tex. 1980). The record contains no proof of shared information or lack of prejudice. We are
not persuaded by Youngblood's second argument.

 Third, Youngblood argues that the cases Grace and Channel cite in support of their
motion for summary judgment are inapplicable to this case. These cases are the same cases we
rely on here. Consequently, for all the reasons stated above, Youngblood's third argument also
is unpersuasive. 

 Grace and Channel proved that they were entitled to summary judgment because
the statute of limitations had run before suit was filed against them and the statute was not tolled. 
Youngblood failed to raise a fact issue bringing her misidentification of the correct defendant
within any exception in avoidance of the statute-of-limitations bar. We, therefore, overrule
Youngblood's point of error and affirm the summary judgment.





 

 Marilyn Aboussie, Justice

[Before Chief Justice Carroll, Justices Aboussie and Jones]

Affirmed

Filed: July 8, 1992

[Do Not Publish]