CONTINENTAL TRAILWAYS, INC., et al.,
Appellants,

v.

Ruth HILLAND et vir, Appellees.

No. 1058.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Nov. 13, 1974.

Rehearing Denied Dec. 4, 1974.

Robert H. Steelhammer, Weitinger & Steelhammer, Houston, for appellants.

John Gano, Jamail & Gano, Robert Stein, Jamail & Gano, Houston, for appellees.

COULSON, Justice.

This is an appeal by Continental Southern Lines, Inc. from a judgment against it in a suit for personal injuries suffered by the appellee, Ruth Hilland. On March 3, 1970, the appellee filed an original petition against Continental Trailways, Inc. She alleged that she had been injured on August 19, 1968, while exiting a Continental Trailways bus. On November, 4, 1970, more than two years after the date of injury the petition was amended to make "Continental Southern Lines, Inc., individually and doing business as Continental Trailways or Continental Trailways, Inc." the party defendant. The appellant, Continental Southern Lines, Inc., pled the two year statute of limitations as a bar to the suit. During the trial the appellant's motion for a directed verdict based upon the two year statute was denied. When the jury verdict was returned against the appellant on the negligence and damage issues, the appellant's motion for judgment n. o. v. on the basis of the two year limitations plea was also denied.

This appeal has been made on the sole issue of the applicability of the Vernon's Tex.Rev.Civ.Stat.Ann. art. 5526, the two year statute of limitations.

The amended petition was not filed until two years after the date of the injury. Continental Southern Lines, Inc., and Continental Trailways, Inc. are different corporations. It is the appellee's position that, regardless of this showing, the statute of limitations was tolled as to the appellant after the original petition naming Continental Trailways, Inc. was filed.

It is undisputed that in 1968, the corporation known as Continental Trailways, Inc. owned no buses or terminals. That corporation had been formed for the purpose of retaining "Continental Trailways" as a trade name. Continental Southern Lines, Inc. was a part of the Continental Trailways system and as such, all of its buses were marked "Continental Trailways." Advertising for the Continental Trialways system was directed from a central office in Dallas and each separate corporation in the system, such as Continental Southern Lines, Inc., was charged for a portion of the expenses. The terminal facilities were owned by the separate corporations, but the terminal superintendent was hired by the Trans-Continental Bus System, Inc. which operated out of Dallas, Texas. Sometime in 1972 or 1973, Trans-Continental Bus System, Inc. became the new Continental Trailways, Inc. which owned rolling stock, terminals and the trade name "Continental Trailways." The independent bus lines such as Continental Southern Lines, Inc. remained separate from the new parent corporation but retained the use of the trade name and the parent's facilities. There is no evidence in the record concerning the ownership of any of the 26 or more corporations which make up the Continental Trialways system.

The appellant contends that this case falls under the rules governing the application of the statute of limitations approved in Stokes v. Beaumont, Sour Lake & Western Railway Co., 161 Tex. 240, 339 S.W.2d 877 (1960). There the plaintiff brought suit against the railway in 1953 for an injury suffered in 1952. More than two years later the petition was amended to make the trustee of the railway a party defendant. At all relative times the railway was under the administration of the trustee. The Court held that the statute of limitations was not tolled as to the trustee when the suit was filed against the railway. Two distinct entities were involved and suit against one was not equivalent to suit against the other. Other cases relied upon by the appellant are Barnes v. Continental Trailways, Inc., 472 S.W.2d 606 (Tex.Civ.App.-Eastland 1971, no writ) and Krenek v. Epps Super Market No. 2, Inc., 377 S.W.2d 753 (Tex.Civ.App.-Austin 1964, no writ). Both of those cases involve facts similar to the facts in the case before this Court. In those cases the courts followed the rule set out by the Supreme Court in Stokes v. Beaumont, Sour Lake & Western Railway Co., *supra,* and held that the suits were barred because the plaintiff failed to join the proper party in the original petition.

■ In 1970, the Supreme Court amended the Rules of Civil Procedure to deal with cases such as this where a number of corporations are doing business under the same assumed name. Texas Rules of Civil Procedure, rule 28 was amended to read:

Any partnership, unincorporated association, *private corporation*, or individual doing business under an assumed name may sue or be sued in its partnership, assumed or common name for the purpose of enforcing for or against it a substantive right, but on a motion by any party or on the court's own motion the true name may be substituted. (emphasis added)

In the case before this Court the appellee's original petition charged Continental Trailways, Inc. with negligently causing physical harm to the plaintiff. The petition gave the relevant information indicating the time, place and circumstances of the injury. It is undisputed that Continental Trailways, Inc. was nothing but the corporate vehicle for the trade name "Continental Trailways" under which the appellant Continental Southern Lines, Inc. did business. The effect of the first petition was suit against the entity doing business as "Continental Trailways" which was responsible for the alleged injury. Sufficient facts were alleged by the appellee to enable Continental Trailways, Inc. to identify the responsible corporation as Continental Southern Lines, Inc., and the appellant did not show that any significant hardship would result from allowing the appellee to amend her petition and to proceed.

■ In amending Rule 28 the Supreme Court recognized the injustice which results from allowing the responsible corporate entity to lay behind the log until the statute of limitations have run. The ever increasing utilization of a single trade name by a multitude of independently owned corporations has made it necessary for courts to look behind the facade of corporate entities and to determine who is in the better position to ferret out the responsible party. Rule 28 allows the injured party to sue the obvious entity, the trade name, and thereby toll the statute pending the discovery of the particular corporate entity that should be sued. It ends the practice which allowed the shell company, such as Continental Trailways, Inc., to file a general denial and then to wait until the statute had run before disclaiming responsibility and pointing a finger at the corporation actually responsible. The appellant's point of error is overruled.

The judgment is affirmed.