Barbara V. COHEN, joined pro forma by her husband, Andrew H. Cohen, Appellants,

v.

C. H. LEAVELL & CO., INC., d/b/a Kern Plaza, Appellee.

No. 6392.

Court of Civil Appeals of Texas, El Paso.

Feb. 26, 1975.

Abraham & Aguilar, Joseph (Sib) Abraham, Jr., Dick Stengel, El Paso, for appellants.

Kemp, Smith, White, Duncan & Hammond, Joe Lea, Jr., El Paso, for appellee.

## OPINION

PRESLAR, Chief Justice.

In this case the trial Court granted a summary judgment for one defendant and sustained the other defendants' motion to dismiss based on the statute of limitations. We affirm as to the summary judgment

and reverse and remand for reinstatement as to the defendants dismissed.

Plaintiff sustained a fall in a shopping center known as Kern Plaza and approximately one week before the two-year statute of limitations ran she filed suit against C. H. Leavell & Co., Inc., d/b/a Kern Plaza. C. H. Leavell & Co., Inc. by answer asserted:

"* * * that on February 8, 1971, it was not the owner of Kern Plaza. Prior to May 26, 1970, Kern Plaza was owned by Leavell Enterprises, Inc., which was a wholly owned subsidiary of C. H. Leavell & Co., Inc. On May 26, 1970, Leavell Enterprises, Inc., became a wholly owned subsidiary of Leavell Development Company, which is a wholly owned subsidiary of Rio Grande Industries, Inc. On February 8, 1971, Leavell Development Company and Leavell Enterprises, Inc., had no connection with C. H. Leavell & Co., Inc. Since C. H. Leavell & Co., Inc., was not the owner of Kern Plaza on February 8, 1971, it is not liable to plaintiffs for the alleged injuries which occurred on February 8, 1971, at Kern Plaza."

Thereafter, plaintiff filed her motion, as provided by Rule 28, Texas Rules of Civil Procedure, to have these latter corporations made parties defendant, which motion the Court granted. They were then made parties defendant by plaintiff's first amended original petition. The first amended petition of plaintiff was filed on the same day that the Court granted its motion to add additional parties, but the statute of limitations had run by some two months at that point in time.

C. H. Leavell & Co., Inc. filed its motion for summary judgment with supporting affidavits, which established the fact that it was not the owner of Kern Plaza on the date of plaintiff's fall and injuries. Plaintiff's answer to C. H. Leavell & Co., Inc.'s motion for summary judg-

ment, and her assertion in this Court, are that such summary judgment should not be granted because C. H. Leavell & Co., Inc. had on file at all times material an Assumed Name Certificate certifying that it was transacting business under the name of Kern Plaza. This attempts to hold C. H. Leavell & Co., Inc. liable in tort because of its failure to withdraw the Assumed Name Certificate after it ceased to own Kern Plaza. The facts as to non-ownership on the date of injury are uncontroverted and we have found no authority and have been cited to none for holding a party liable in tort because he had a Certificate of Assumed Name on file which had not been withdrawn. This is a slip and fall case in which the liability of C. H. Leavell & Co., Inc. is predicated on its being responsible for the condition of the premises. Non-ownership and control are not disputed, and there is nothing about the assumed name act which would make them responsible for the condition of premises which they did not own or exercise any control over. The summary judgment was correct.

As indicated earlier, when Appellant learned that C. H. Leavell & Co., Inc. was not the owner of Kern Plaza, she then filed her motion to bring in the true owner as a party defendant, Leavell Enterprises, Inc., and its parent corporations. Upon her motion being granted, she amended her petition to include Leavell Enterprises, Inc., and the parent corporations, but at that point in time the two-year statute of limitations had run, and because of that the Court dismissed the cause of action against Leavell Enterprises, Inc., and its parent corporations. In this we are of the opinion that the trial Court erred, and we hold that when Appellant sued the obvious entity under the assumed name that the statute was tolled and she was entitled to bring in the true owner under Rule 28, Tex.R.Civ.P. That Rule provides:

"Any partnership, unincorporated association, private corporation, or individ-

ual doing business under an assumed name may sue or be sued in its partnership, assumed or common name for the purpose of enforcing for or against it a substantive right, but on a motion by any party or on the court's own motion the true name may be substituted."

The Houston Court of Civil Appeals for the 14th District has recently handed down its decision in Continental Trailways, Inc. v. Hilland, 516 S.W.2d 279 (1974), in which it held that under Rule 28 an injured party may sue the obvious entity, the trade name, and thereby toll the statute of limitations, pending discovery of the particular corporate entity that should be sued. In the course of its opinion, the Court noted that the Supreme Court amended Rule 28 in 1970 and went on to say:

"In amending Rule 28 the Supreme Court recognized the injustice which results from allowing the responsible corporate entity to lay behind the log until the statute of limitations have run. The ever increasing utilization of a single trade name by a multitude of independently owned corporations has made it necessary for courts to look behind the facade of corporate entities and to determine who is in the better position to ferret out the responsible party. Rule 28 allows the injured party to sue the obvious entity, the trade name, and thereby toll the statute pending the discovery of the particular corporate entity that should be sued. It ends the practice which allowed the shell company, such as Continental Trailways, Inc., to file a general denial and then to wait until the statute had run before disclaiming responsibility and pointing a finger at the corporation actually responsible. * * *."

The record before us does not indicate any "laying behind the log" on the part of the defendant-appellees, but we are of the opinion that the rule of law stated is sound law and applicable to this case. True, the application of the rule of law permits a

cause of action to be asserted against a separate entity after the statute of limitations has run, but this is not true as to just any entity but is limited to instances of doing business under an assumed name. Appellees rely on the fact that C. H. Leavell & Co., Inc., and Leavell Enterprises, Inc., and the other corporations are each separate, legal entities. This is true, but they share the common connection of having owned and operated the same business under the same name, "Kern Plaza." Being sued after the statute of limitations has run is not, in a case like this, a violation of a substantive right. Rule 28 and the Statute of Limitations, Art. 5526, are of equal force and dignity—neither creates any substantive right, both regulate procedure. The general limitations statute is procedural. Franco v. Allstate Insurance Company, 505 S.W.2d 789 (Tex.1974). As to substantive rights—where a statute creates a right and also incorporates a limitation upon the time within which suit may be brought, the limitation qualifies the right so that it becomes a part of the substantive law, rather than procedural. State of California v. Copus, 158 Tex. 196, 309 S.W.2d 227 (1958); Franco v. Allstate Insurance Company, supra. This is not such a case, for this suit is a common-law action for negligence as to which the limitation period of two years provided by Art. 5526, Vernon's Tex.Rev.Civ.Stat.Ann., is purely procedural. Likewise, it is held that Rule 28 is purely procedural and does not change substantive rights. Dillard ¨ v. Smith, 146 Tex. 227, 205 S.W.2d 366 (1947). We conclude that in the case before us the suing of one corporation under the assumed name tolled the statute of limitations as to the other corporation operating that business under the same name.

The summary judgment in favor of C. H. Leavell & Co., Inc. is affirmed, and the cause of action asserted against it is severed from the case. The order dismissing the cause of action against Leavell Enter-prises, Inc., Leavell Development Company, Inc., and Rio Grande Industries, Inc. is reversed and the cause is remanded with instructions to reinstate it upon the docket of the trial Court.