**TRAILS EAST, a Joint Venture, d/b/a Chaparral Apartments, Appellant,**

v.

**Patricia Lynn MUSTAFA, Appellee.**

**No. 2-85-275-CV.**

Court of Appeals of Texas,
Fort Worth.

July 17, 1986.

Boyd, Veigel & Hance, P.C. (R. Scott Moran, on appeal only), McKinney, for appellant.

Parkhill, Parkhill, Cowden & Runge and David C. Cowden, Grand Prairie, for appellee.

Before BURDOCK, HOPKINS and FARRIS, JJ.

OPINION

HOPKINS, Justice.

The Court on its own motion, withdraws the opinion and judgment dated June 26, 1986 and substitutes the following.

Trails East, a Joint Venture d/b/a Chaparral Apartments, defendant in the trial court, appeals from a nonjury trial judgment wherein Patricia Lynn Mustafa was

awarded damages of $15,800 plus attorney's fees.

Judgment of the trial court is affirmed.

Appellee and her husband had been residents of Chaparral Apartments located in Arlington, Texas, before appellee separated from her husband and moved in with a friend. The manager of the apartments notified appellee that appellee's husband had moved from the apartment. When appellee returned to the apartment, she found the manager had changed the locks and appellee was advised that she could not occupy the apartment until she paid two weeks rent of $167. A week later appellee told the manager she had $120 of the $167 and wanted to return to the apartment. The manager then advised that the owner had decided that appellee was no longer welcome at the complex. The manager offered to let appellee remove her T.V. and stereo for the $120, but advised that she would have to pay the remainder of the rent before she could remove the remainder of her property. The next time appellee talked with the manager she was advised that even though she would not be permitted to occupy the apartment, the lease did not expire for another month and that appellee would be required to pay all rent, plus late charges, and that she could not remove her property from the apartment until she paid "600 and something dollars altogether." Appellee's efforts through the Tenants Union were unfruitful and her written request of the manager to furnish the name, address and telephone number of its owner was refused. Subsequently, appellee brought suit against Chaparral Apartments alleging that the seizure of her property was unlawful and requested recovery of damages "in excess of the minimum jurisdictional limits" for the County Court at Law No. 1 of Tarrant County, Texas.

Chaparral Apartments filed a general denial as its original answer. Substitution of counsel for Chaparral was ordered and the substituted counsel "noticed" appellee for depositions. In an instrument designated as Defendant's First Amended Original Answer "TRAILS EAST d/b/a CHAPARRAL APARTMENTS, Defendant herein" made its appearance by filing a general denial and acknowledged that "Defendant TRAILS EAST d/b/a CHAPARRAL APARTMENTS, ... an apartment complex located in Arlington, Texas, was, at the time of the transactions subject of Plaintiff's complaint, owned by TRAILS EAST, a California tenancy in common." The instrument further alleges that the identity of the proper party defendant is misstated in plaintiff's petition and requests plaintiff to amend and designate Trails East as defendant in the suit. A few days after the filing of Defendant's First Amended Original Answer, Trails East d/b/a Chaparral Apartments filed a Motion for Continuance which was granted by the trial judge. Approximately two weeks thereafter by an instrument filed and captioned Defendant's Second Amended Original Answer, "CHAPARRAL APARTMENTS, Defendant herein" denied it had the legal capacity to be sued and further alleged that Chaparral Apartments was an assumed name for Michael Thompson, Trustee, and that "Michael Thompson was, at such time, Trustee for the TRAILS EAST group," and concludes with a general denial and affirmative answer to appellee's pleadings. A sworn acknowledgment attached to the pleading and signed by one Michael Thompson states that the affiant "is the same Michael Thompson referred to as 'Trustee', as such, as the owner of the Chaparral Apartments during all periods of time relevant to this case, that he has read the above and foregoing pleading and that the allegations contained therein regarding the identity of the apartment's owners are within his personal knowledge and are true and correct."

Soon after Defendant's Second Amended Original Answer was filed, a Motion to Withdraw as Counsel was filed by George B. Flint, attorney for "MICHAEL THOMPSON, Trustee for the TRAILS EAST d/b/a/ CHAPARRAL APARTMENTS, Defendant herein." This instrument bears a "Consent to Withdraw" statement signed by Michael Thompson, Trustee for Trails

East d/b/a Chaparral Apartments. An order was entered permitting the withdrawal and there is no indication in the record that appellant was further represented by counsel in the trial court. Appellee's Motion for Judgment contains a certificate by appellee's attorney reciting that a copy, containing the order of the court setting the motion for hearing, was mailed to Michael Thompson, defendant, at a certain address. At the hearing on the motion, unattended by appellant, the trial court made the following observation:

This case was set for trial at 9 o'clock. Notice of the setting was mailed by the clerk of this court, Miss Mary Lopp, to the Defendant, at his address at 3117 Dauphine, Sherman, Texas, 75090,[1] was mailed there by certified mail on May the 9th of 1985.

There has been a green card returned to the clerk of the court, signed Monnett (phonics) Thompson, indicating service of certified mail, and that green card is on file here today.

The case was set for trial at 9 o'clock a.m. for May the 15th of 1985. It is now 9:55 a.m., and the Defendant, Chaparral Apartments, or Michael Thompson or Monnett (phonics) Thompson have not made their appearance in court.

The court proceeded to receive evidence in the case and rendered judgment, in the sum previously stated, against "MICHAEL THOMPSON d/b/a CHAPARRAL APARTMENTS, and TRAILS EAST, a joint venture, d/b/a CHAPARRAL APARTMENTS, Defendants." We here note that Michael Thompson d/b/a Chaparral Apartments did not join in the appeal of this judgment. The only party filing a motion for new trial was "TRAILS EAST, a Joint Venture," and the party petitioning for writ of error in this Court is "TRAILS EAST, a Joint Venture, d/b/a CHAPARRAL APARTMENTS, Defendant."

Appellant assigns the following two points of error:

*Point One:* There was a defect in the parties (Defendant) in the case.

*Point Two:* The recovery granted by the Court in the Judgment does not conform to the amount of damages pleaded by Plaintiff.

■ Under point one, appellant contends first that it was never made a party to the suit and secondly that it never had notice of the date of trial. We disagree with both assertions. In its brief, appellant acknowledges that one Michael Thompson d/b/a Chaparral Apartments was notified of the trial date. In its Second Amended Original Answer, appellant acknowledged that Michael Thompson was Trustee for appellant and that appellant owned Chaparral Apartments. Since there is no denial that Michael Thompson received notice of the trial setting and since appellant admits that Michael Thompson was its Trustee d/b/a Chaparral Apartments, we find the contention of no notice is without merit.

■ TEX.R.CIV.P. 28 provides as follows:

Any partnership, unincorporated association, private corporation, or individual doing business under an assumed name may sue or be sued in its partnership, assumed or common name for the purpose of enforcing for or against it a substantive right, but on a motion by any party or on the court's own motion the true name *may* be substituted. [Emphasis added.]

We hold that the application of the rule to the facts of this case authorize the court to substitute in the judgment the true name of the defendant, *i.e.*, "Trails East d/b/a Chaparral Apartments." Furthermore, we note that the rule is permissive in its language and not mandatory, insofar as it relates to substitution of the true name. There is nothing in the rule that requires plaintiff to replead.

---

**1.** This is the same address shown for Michael Thompson on the certificate attached to appellee's Motion for Judgment.

TEX.R.CIV.P. 121 provides: "[a]n answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance or service of citation upon him."

■ Defendant's First Amended Original Answer is filed by Trails East d/b/a Chaparral Apartments, the identical party who now appears as appellant and one of the names which appears in the judgment. Clearly, appellant was made a party in the suit when it filed Defendant's First Amended Original Answer.

The first point of error is overruled.

■ In its second point of error appellant contends the damages recovered by appellee, *i.e.* $15,800, is not supported by the pleadings. We again disagree. In paragraph VI of plaintiff's original petition it is alleged that as a result of defendant's actions, plaintiff had to "stay at a motel and eat out for a period of two (2) weeks, purchase new clothing, and incurred additional expenses in renting another apartment. As a result thereof, Plaintiff has suffered *actual damages in excess of the minimum jurisdictional limits of this Court,* for which Plaintiff now sues." (Emphasis added.) In the prayer paragraph plaintiff seeks judgment against defendant "for damages in excess of the minimum jurisdictional limits of this Court, ... and for such other relief, both at law and in equity, to which Plaintiff may be justly entitled."

TEX.R.CIV.P. 47 provides:

An original pleading which sets forth a claim for relief, whether an original petition, counterclaim, cross-claim, or third party claim, shall contain

(a) a short statement of the cause of action sufficient to give fair notice of the claim involved,

(b) in all claims for unliquidated damages only the statement that the damages sought exceed the minimum jurisdictional limits of the court, and

(c) a demand for judgment for all the other relief to which the party deems himself entitled.

Relief in the alternative or of several different types may be demanded; provided, further, that upon special exception the court shall require the pleader to amend so as to specify the maximum amount claimed.

Appellee complied with the requirements of rule 47 and appellant filed no special exception asking that appellee plead more specifically as to the amount of damages claimed.

TEX.REV.CIV.STAT.ANN. art. 1970–33(b) (Vernon Supp.1986) provides as follows:

The County Court at Law No. 1 of Tarrant County has jurisdiction concurrent with the district court in civil cases when the matter in controversy exceeds $500 and does not exceed $20,000, exclusive of mandatory damages and penalties, attorney's fees, interest, and costs.

Since the pleading was proper under rule 47 and the damage award of $15,800 was within the statutory jurisdictional limits of the trial court, appellant's second point of error is overruled.

The judgment of the trial court is affirmed.