**Wallace BAILEY, Jr., Petitioner,**

v.

**VANSCOT CONCRETE COMPANY, d/b/a Express–Pennington, Respondent.**

No. D–4447.

Supreme Court of Texas.

Argued Oct. 20, 1994.

Decided March 16, 1995.

Don Prager, David Osborn, Fort Worth, for petitioner.

Robert B. Wagstaff, Daniel L. Bates, Fort Worth, for respondent.

HIGHTOWER, Justice, delivered the opinion of the Court, in which all Justices join.

In this cause we consider the purported liability of a corporate entity, Tarmac Texas, Inc., which was never joined as a party in the lawsuit. After an industrial accident, Wal-

lace Bailey, Jr. sued Vanscot Concrete Company. The trial court rendered judgment in favor of Bailey against Vanscot Concrete Company d/b/a Express–Pennington. The court of appeals reversed the judgment against Vanscot and rendered judgment that Bailey take nothing. 862 S.W.2d 781. For the reasons explained herein, we affirm the judgment of the court of appeals.

In early July 1986, Vanscot Concrete Company and Hoveringham USA, Inc. were merged into Cen–Tex Ready–Mix Concrete Company which also changed its name to Tarmac Texas, Inc. The articles of merger were properly filed with the secretary of state's office. Approximately three months later, Bailey was allegedly injured by contaminated concrete which had been delivered by a truck bearing the name "Express/Pennington." In addition, a sales invoice produced on that day included the trade inscription "Express/Pennington." Subsequently, Bailey examined the assumed name certificates for Tarrant County which revealed that Vanscot was the owner of two businesses: Express Concrete Company and Pennington Concrete Company. Both companies had their principal offices at the same Fort Worth location. In March 1988, Bailey sued Vanscot and citation was served on its registered agent for service, Vance Minter.

Vanscot initially answered by filing a general denial. In June 1990, Vanscot amended its answer, asserting a defect of parties and denying under oath that it was a corporation. Shortly thereafter, Vanscot filed a motion for summary judgment on the grounds that Vanscot could not be held liable because three months before Bailey's injury, Vanscot and two other corporations merged and Vanscot had ceased to exist. In his response, Bailey asked the trial court to allow him to proceed to trial against Vanscot as if no merger had occurred and to allow him to collect his judgment against the surviving corporation, or alternatively, to allow him to substitute Tarmac Texas, Inc. in place of Vanscot. The trial court overruled the motion for summary judgment; however, Bailey did not attempt to join Tarmac Texas, Inc. as a party in the lawsuit.

In April 1991, during trial, the court granted Bailey's motion for leave to file a trial amendment to make the defendant "Vanscot Concrete Company d/b/a Express/Pennington Concrete Company." Vanscot moved for a directed verdict at the conclusion of Bailey's case and at the conclusion of all the evidence. In its motion, Vanscot argued that it did not exist as a corporate entity at the time of the accident and that Bailey had sued the wrong party. Both motions were overruled. After trial, the jury found that Vanscot's negligence proximately caused Bailey's injuries. In post-verdict motions, Bailey sought judgment against "Vanscot Concrete Company d/b/a Express/Pennington Concrete Company" and "Tarmac Texas, Inc. d/b/a Express/Pennington Concrete Company." Vanscot sought a take nothing judgment against Bailey because Vanscot did not exist as a corporate entity at the time of the accident and the real party in interest, Tarmac Texas, Inc., was not and had never effectively been made a party in the lawsuit. The trial court rendered judgment against Vanscot Concrete Company d/b/a Express–Pennington.

On appeal, Vanscot urged that it was not liable to Bailey because it did not exist and was not doing business as "Express–Pennington" on the date of the accident. The court of appeals agreed. 843 S.W.2d 193, 194. The court of appeals went on to hold that Vanscot was not a correct party under the judgment and dismissed the appeal. In a per curiam opinion, this court held that a corporation which has ceased to exist may nonetheless appeal a trial court's judgment against it. *Vanscot Concrete Co. v. Bailey*, 853 S.W.2d 525 (Tex.1993). This court reversed the judgment of the court of appeals and remanded this case to that court. On remand, the court of appeals reversed the judgment against Vanscot and rendered judgment that Bailey take nothing.

I.

Vanscot argues that approximately three months before Bailey's accident, it merged into Tarmac Texas, Inc. and ceased to exist as a corporate entity and that the real party in interest, Tarmac Texas, Inc., was never

joined as a party in the lawsuit. As a result, Vanscot argues that the court of appeals' take nothing judgment against Bailey was proper. Bailey argues that based upon its assumed name certificate, Vanscot is precluded from asserting its lack of existence, that Vanscot continued to exist after the merger with Tarmac Texas, Inc. for purposes of legal liability and that the judgment rendered against Express–Pennington was enforceable against Tarmac Texas, Inc. pursuant to Rule 28 of the Texas Rules of Civil Procedure. We agree with Vanscot.

## II.

■ Bailey urges that Vanscot continues to exist after its merger with Tarmac for the purposes of legal liability. Article 5.06(A)(1) of the Texas Business Corporation Act provides: "When a merger takes effect: (1) the separate existence of every domestic corporation that is a party to the merger, except any surviving or new domestic corporation, shall cease[.]" Tex.Bus.Corp.Act.Ann. art. 5.06(A)(1) (Vernon Supp.1994). Bailey claims that Vanscot's *separate* existence ceased upon completion of the June 30, 1986 merger. At the time of Bailey's accident, the owner and operator of the involved concrete trucks was Tarmac. Nonetheless, Bailey suggests that Vanscot "lives on" within Tarmac. To the contrary, article 5.06 means that Vanscot ceased to exist as a legal entity, in any form, after the merger. In a merger, the privileges, powers, rights, and duties of the corporation are transferred to the surviving corporation and are there continued and preserved. *Vulcan Materials Co. v. United States*, 446 F.2d 690, 694 (5th Cir.), cert. denied, 404 U.S. 942, 92 S.Ct. 279, 30 L.Ed.2d 255 (1971). As a result of the merger, Vanscot had no actual or legal existence at the time of Bailey's accident. Civil suits may be maintained only by or against parties having an actual or legal existence. *Henson v. Estate of Crow*, 734 S.W.2d 648, 649 (Tex. 1987). Vanscot was not a proper party to the suit, and judgment cannot be rendered against it. *Thomas v. Cactus Drilling Corp.*,

405 S.W.2d 214, 215 (Tex.Civ.App.—Austin 1966, no writ).[1]

■ Bailey further asserts that he relied upon the assumed name records in deciding to sue Vanscot. Therefore, Bailey argues that Vanscot should be forced to maintain its separate existence for the purposes of legal liability because of its failure to withdraw its assumed name certificate after the merger. This argument is flawed in two respects. As established above, Vanscot had ceased to exist as a legal entity at the time of the accident. Additionally, there is no authority for imposing tort liability on a party due to its failure to withdraw a misleading assumed name certificate. *See Cohen v. C.H. Leavell & Co.*, 520 S.W.2d 793 (Tex.Civ.App.—El Paso 1975, no writ). In *Cohen*, the plaintiff in a slip and fall case asserted that defendant C.H. Leavell & Co., Inc. should be held liable in tort due to its failure to withdraw its assumed name certificate after it ceased to own Kern Plaza, the site of the plaintiff's accident. The court of appeals declined to hold C.H. Leavell liable in tort for not withdrawing an assumed name certificate. *Id.* at 795. In *Cohen*, the liability of C.H. Leavell & Co. was predicated on responsibility for the condition of the premises where the injury occurred. In this case, liability is predicated on ownership of the truck which injured Bailey. Just as C.H. Leavell & Co. did not own the premises where the injury occurred in Cohen, Vanscot did not own the truck which caused the injury in this case because Vanscot did not exist. Failure to withdraw an assumed name certificate will not change these facts. Finally, Rule 28 of the Texas Rules of Civil Procedure does not provide Bailey with an avenue to render a judgment entered against Express–Pennington enforceable against Tarmac, Texas, Inc. Rule 28 is a procedural rule of equity which allows Texas courts to toll a statute of limitations when the plaintiff's efforts to name the correct party are hampered by the defendant's "laying behind the log" of an assumed name. "[A]n injured party may sue the obvi-

---

1. This is not a successor liability case in which a corporation commits a tort and thereafter either dissolves or merges. Rather, in Bailey's case, the corporation merged and then allegedly committed a tort. Therefore, Bailey was required to sue the corporation which injured him—the post merger entity.

ous entity, the trade name, and thereby toll the statute of limitations, pending discovery of the particular corporate entity that should be sued." *Continental Trailways, Inc. v. Hilland,* 516 S.W.2d 279, 281 (Tex.Civ.App.—Houston [14th Dist.] 1974), *rev'd on other grounds,* 528 S.W.2d 828 (Tex.1975). "Rule 28 ends the practice of shell companies filing a general denial and then waiting until the statute had run before disclaiming responsibility and pointing a finger at the corporation actually responsible." 516 S.W.2d at 281. The caveat, of course, is that the plaintiff must join the proper party doing business under the assumed name and demonstrate that the party had knowledge of the suit.

In *Continental Southern Lines, Inc. v. Hilland,* 528 S.W.2d 828 (Tex.1975), this court attempted to cure the effect of a defendant hiding behind an assumed name by tolling an expired statute of limitations. In *Hilland,* the plaintiff was injured while getting off of a bus marked "Continental Trailways." Suit was brought within two years by Ruth Hilland against "Continental Trailways, Inc." In fact, the bus was owned by a different corporation with different officers and directors named "Continental Southern Lines, Inc." More than two years after the accident, the plaintiff's petition was amended to make "Continental Southern" a party defendant. Continental Southern interposed the two year statute of limitations. *Id.* at 829.

The parties in *Hilland* were related, since "Continental Trailways, Inc." was the corporate vehicle for the trade name "Continental Trailways" under which the true defendant, Continental Southern Lines, Inc., did business. There was evidence that the corporations had the same agent for service and used the same attorneys in the area. There was also some indication that the service of citation may have actually been forwarded to Continental Southern Lines, Inc., and that Continental Southern had been alerted about the accident.

Since the bus lines in that case had made a conscious effort to appear to the public that they were "Continental Trailways," however, and this confusion prevented plaintiff from naming the correct party in her suit originally, this court remanded for a new trial in the interest of justice.[2] The plaintiff was allowed to argue on retrial that the statute of limitations should be tolled since Continental Southern was aware of the accident and had an opportunity to defend itself before the period of limitations had run, *Id.* at 831. See also *Cohen v. C.H. Leavell & Co.,* 520 S.W.2d 793 (Tex.Civ.App.—El Paso 1975, no writ) (tolling the statute of limitations when plaintiff sued obvious entity under assumed name and later brought in true owner who had notice of the suit).

This court similarly allowed a plaintiff to hold a properly joined defendant liable after the statute of limitations had run in *Enserch Corporation v. Parker,* 794 S.W.2d 2 (Tex. 1990). In *Enserch,* a wrongful death action, the plaintiff filed suit one year and eleven months after the accident, naming Lone Star Gas Company of Texas as a defendant. Lone Star Gas asserted a defect of parties. Eighteen months after filing suit, and well after the statute of limitations had run, the plaintiffs filed an amended original petition naming Enserch Corporation d/b/a Lone Star Gas Company as a defendant. The trial court granted Enserch's motion for summary judgment on the grounds that the plaintiff's claims against Enserch were barred by limitations. The case was one of misidentification, since Lone Star Gas Company of Texas was a separate and distinct legal entity from the proper corporate defendant, Enserch Corporation d/b/a Lone Star Gas Company. This court reversed the summary judgment on the limitations issue, emphasizing the fact that both Lone Star Gas Company of Texas, Inc. and Enserch Corporation d/b/a Lone Star Gas Company were fully cognizant of the facts of the accident and could not have been misled concerning the basis of the suit.

### III.

A key distinction between Bailey's case, *Continental Southern Lines* and *Enserch* lies

---

**2.** This court was required to reverse the court of appeals' opinion, since it was based on the amendment to Rule 28 which was not yet effec-

tive at the time the plaintiff added the correct party. *Continental Southern Lines, Inc. v. Hilland,* 528 S.W.2d 828, 830 (Tex.1975).

in Bailey's failure to amend his petition to add the correct party—Tarmac Texas, Inc.—as a defendant. Bailey merely renamed the same incorrect defendant, Vanscot, under its assumed name, "Express–Pennington." Thus, Vanscot was the only defendant Bailey sued and served in this case. Once Vanscot identified Tarmac as the real party in interest in 1990, Bailey should have amended his pleadings to add Tarmac.[3] Bailey could then have made a strong equitable estoppel argument under the principles articulated in *Continental Southern Lines* and *Enserch* that the trial court should toll the statute of limitations since Tarmac had notice of the suit as the business successor of Vanscot and "la[y] behind the log until the statute of limitations had run ... before disclaiming responsibility and pointing a finger at the corporation actually responsible." *Continental Trailways, Inc.*, 516 S.W.2d at 281. If the trial court decided against Bailey on the limitations question, Bailey could have appealed that limitations decision. This scenario never materialized, however, because Tarmac was never added as a party in this case. This court declines to correct Bailey's error by retroactively substituting in the correct party on his behalf.[4]

For the above reasons, we affirm the judgment of the court of appeals.

---

3. To ascertain the identity of the real party in interest, a plaintiff might include an interrogatory such as:

Do you contend that you have not been correctly named or served in or by the Plaintiffs' Original Petition? If you contend that you have not been correctly named or served, state the basis for your contention, your correct legal name, and the correct manner in which you can be designated as a party defendant and served with process in this action under the allegations as set forth in Plaintiffs' Original Petition.

4. *Trails East, a Joint Venture, d/b/a Chaparral Apartments v. Mustafa*, 713 S.W.2d 422 (Tex. App.—Ft. Worth 1986, no writ) is distinguishable from this case. In *Trails East*, the correct party was served and received notice of the trial setting but was misnamed. Thus, while the plaintiff in *Trails East* sued the party who injured her, Bailey sued a business entity which had ceased to exist several months before the accident occurred, yet failed to sue and serve the only company which injured him, Tarmac.