Footnotes in HTML versions of 
opinions are designated by boxes (click on the box to see the footnote text) and 
are not numbered. For an exact copy of the opinion, retrieve the Adobe PDF 
version.
 
 
IN 
THE SUPREME COURT OF TEXAS
 
════════════
No. 04-0685
════════════
 
The Ray Malooly Trust, Petitioner,
 
v.
 
Chris Juhl and Maria Juhl, 
Respondent
 
════════════════════════════════════════════════════
On Petition for Review from 
the
Court of Appeals for the 
Eighth District of Texas
════════════════════════════════════════════════════
 
PER CURIAM
 
              The 
trial court entered and the court of appeals affirmed a judgment for $351,352 
against “The Ray Malooly Trust.” The latter appeals, pointing out that a trust is not a legal entity. 
While the point is well-taken, we deny the petition for review as it was 
waived.
              The 
Juhls sued the Trust in May 1999, alleging a breach of 
lease. More than three years later, on the day trial began, the Trust filed a verified answer stating for the 
first time that “Defendant, The Ray Malooly Trust does 
not have capacity to be sued.” The trial court denied leave to file the amended 
pleading on grounds of surprise. 

See Tex. R. Civ. P. 63.
              The 
court of appeals stated that “a number of Texas cases indicate a trust may be named as a 
party without inclusion of a trustee.” But a number of cases from this Court 
indicate the opposite. As we said in Huie v. 
DeShazo, “[t]he term ‘trust’ refers not to a 
separate legal entity but rather to the fiduciary relationship governing the 
trustee with respect to the trust property.” 922 S.W.2d 920, 926 (Tex. 1996) (holding that 
treating trust rather than trustee as attorney’s client “is inconsistent with 
the law of trusts”). The general rule in Texas (and elsewhere) has long been that suits 
against a trust must be brought against its legal representative, the trustee. 
See Werner v. Colwell, 909 S.W.2d 866, 870 (Tex. 1995); Smith v. Wayman, 224 S.W.2d 211, 218 (Tex. 1949); Slay v. 
Burnett Trust, 187 S.W.2d 377, 382 (1945). 


              The 
court of appeals noted that the Code Construction Act specifies that “person” 
includes a “. . . business trust, estate, trust, partnership, association, and 
any other legal entity.” Tex. Gov’t Code § 311.005(2). But 
the Code Construction Act addresses the construction of state codes, not the 
capacity to sue or be sued. Id. 
at § 311.002. For example, the Act includes estates as statutory 
“persons,” but an estate is nonetheless “not a legal entity and may not properly 
sue or be sued as such.” Austin Nursing Center, Inc. v. 
Lovato, 171 S.W.3d 845, 849 (Tex. 2005).
              Moreover, 
the definitions in the Code Construction Act apply unless other statutes or 
contexts require a different definition. Tex. Gov’t Code § 311.005(2). The 
most relevant code — the Texas Trust Code — explicitly defines a trust as a 
relationship rather than a legal entity. See Tex. Prop. Code § 111.004(4). It 
states that trustees “may compromise, contest, arbitrate, or settle claims” 
against a trust. Id. § 
113.019. It validates payments to and conveyances from a trustee, even if 
the trustee absconds with the proceeds. Id. §§ 114.081, 114.082. And since the 
trustee is “the person holding the property in trust,” id. § 
111.004(18), a judgment against that property must be brought against the person 
who holds it.
              The 
court of appeals pointed to a Trust Code provision stating that in contract 
cases, “the plaintiff may sue the trustee in his representative capacity, and a 
judgment rendered in favor of the plaintiff is collectible by execution against 
the trust property.” Id. § 
114.084(a). From the use of “may,” the court 
implied that plaintiffs could sue trusts in other ways too. But the word “may” (unless context or other statutes indicate 
otherwise) “creates discretionary authority or grants permission or a 
power.” Tex. Gov’t Code § 311.016(1) (emphasis added). 

In the context of the Trust Code as a whole, 

this provision grants contract claimants permission or power to sue the trustee, 
not to sue someone else.
              This 
is not to say that the Legislature could not allow suit by or against a trust in 
its own name. See, e.g., Tex. Rev. Civ. 
Stat. art 6138A, § 6.10(A)(2) (authorizing real 
estate investment trusts to “sue and be sued, complain and defend, in its trust 
name”). But there is no pleading, evidence, or argument that the Legislature has 
done so by specific provisions here.
              Nevertheless, 
while the court of appeals incorrectly reasoned that a trust can sue or be sued 
directly, it reached the right result here because the Trust waived any 
objection to capacity by filing its verified pleading too late. See Tex. R. Civ. P. 
93(1). “[P]arties who do not follow rule 93’s mandate waive any right to 
complain about the matter on appeal.” Nootsie, Ltd. v. 
Williamson County Appraisal Dist., 925 S.W.2d 659, 662 (Tex. 1996).
              “Civil 
suits may be maintained only by or against parties having an actual or legal 
existence.” Bailey v. Vanscot 
Concrete Co., 894 S.W.2d 757, 759 (Tex. 1995). If a legal representative 
makes a general appearance in that capacity, the judgment is treated as if it 
were against the legal entity, even if the latter is never named. See 
Werner, 909 S.W.2d at 870; Henson v. Estate of Crow, 734 S.W.2d 648, 
649 (Tex. 
1987). 
              Here, 
the Trust answered discovery “by and through its trustee, Raymond Malooly.” Malooly was deposed, and 
he testified at trial. By failing to raise a timely objection to capacity, he 
waived any objection that judgment had to be rendered against the Trust, rather 
than himself as trustee.
              The 
remaining points in the Trust’s petition do not demonstrate that the court of 
appeals committed any other error of law. Tex. Gov’t Code §22.001. 
Accordingly, the petition for review is denied.
 
OPINION 
DELIVERED: February 24, 2006