RICHARDSON INDEPENDENT
SCHOOL DISTRICT,
Appellant,

v.

GE CAPITAL CORPORATION,
Appellee.

No. 05–99–02084–CV.

Court of Appeals of Texas,
Dallas.

Oct. 12, 2001.

Randall L. Shepherd, Andrea Sheehan, Law Offices of Robert E. Luna, P.C., Dallas, for Appellant.

Randell W. Livingston, Knolle, Livingston & Holcomb, Austin, for Appellee.

Before Justices MORRIS, MOSELEY, and FITZGERALD.

## OPINION

Opinion by Justice FITZGERALD.

Richardson Independent School District (RISD) appeals the trial court's judgment following a bench trial in a property tax collection suit. RISD contends the trial court erred when it found RISD's corrected tax bill postponed GE Capital Corporation's tax delinquency and when it failed to award RISD penalties. For the reasons that follow, we reverse the trial court's judgment and remand this case for further proceedings consistent with this opinion.

### Facts

The parties do not dispute the facts. GE Capital Corporation (GE) owned property located in Dallas County within RISD's jurisdiction. In the 1994 tax year, the Dallas Central Appraisal District (DCAD) valued GE's property at $1,772,050. RISD mailed GE a tax bill for the 1994 tax year, assessing tax in the amount of $27,817.64. This assessment was based on DCAD's valuation of GE's property. The 1995 tax bill clearly stated that $27,817.64 was the amount due if paid on or before January 31, 1995. The tax bill also stated that if GE paid in February, the amount due would be $29,764.88, which is the base levy plus seven percent in interest and penalties. *See* TEX. TAX CODE ANN. § 33.01(a), (c) (Vernon Supp. 2001). Although payment of the tax was due on or before January 31, 1995, GE did not tender payment for the 1994 taxes until February 1, 1995, when it tendered a check for $27,817.64. RISD refused to accept the tender because it did not include any penalty or interest.

GE disputed DCAD's valuation of its property and, on July 25, 1995, filed a motion with DCAD to "correct" the valuation. The Dallas County Appraisal Review Board denied the motion, and GE filed suit against DCAD seeking judicial review of the decision. The trial court granted DCAD's motion for summary judgment, and GE appealed. This Court subsequently reversed the trial court's ruling and remanded the case. *See GE Capital Corp. v. Dallas Cent. Appraisal Dist.*, 971 S.W.2d 591, 595 (Tex.App.—Dallas 1998, no pet.). On November 9, 1998, GE and DCAD settled their dispute and agreed to a judgment valuing GE's property at issue in this case at $1,632,790. On February 1, 1999, RISD sent GE a corrected tax bill for tax year 1994 assessing tax in the amount of $25,631.54, which was based on the new property valuation agreed to by GE and DCAD. The corrected bill stated the base levy was $25,631.54, but that GE owed $47,456.79 if it paid in February 1999, $47,751.55 if GE paid in March 1999, and $48,046.32 if GE paid in April 1999. On February 8, 1999, GE tendered payment for only $25,631.54 and requested RISD waive imposition of penalties and interest. RISD declined the tender or to waive any penalties or interest on the taxes. When GE continued to refuse to pay the tax and all penalties and interest, RISD brought suit for collection of the taxes.

After a bench trial, the trial court entered judgment for RISD in the amount of $25,631.54 plus interest of twelve percent per year, from February 1, 1995, until paid. The trial court denied RISD's requests to assess penalties against GE and grant it court costs and attorney's fees. Upon RISD's request, the trial court made and entered written findings of fact and conclusions of law. The trial court concluded, among other things, that a corrected tax bill mailed on February 1, 1999 for the 1994 tax year postponed the delinquency date for the 1994 taxes until March 1,

1999. In reaching this conclusion, the trial court specifically relied on section 31.04 of the tax code. This appeal then ensued.

### Issues Presented

RISD contends the February 1, 1999 corrected tax bill did not extend the delinquency date under section 31.04 of the tax code and, pursuant to section 33.01 [1] of the tax code, it is entitled to penalties for GE's failure to timely pay its property tax. GE contends the trial court correctly ruled that RISD's corrected tax bill postponed its delinquency date and that GE should not be assessed penalties.

■ GE contends in its brief that the trial court erred by awarding RISD interest and for not giving GE credit for the payment it tendered to RISD on February 8, 1999. RISD points out GE did not file a notice of appeal and, therefore, cannot request greater relief than granted by the trial court. *See* Tex.R.App. P. 25.1(c).[2]

The record reflects GE did not file a notice of appeal. Moreover, GE has not shown "just cause" that would excuse its failure to file a notice of appeal. Because GE failed to file a notice of appeal or show just cause, it waived those issues. *See Wal-Mart Stores, Inc. v. Garza,* 27 S.W.3d 64, 68 (Tex.App.—San Antonio 2000, pet. denied).

Therefore, the central issue in this appeal is whether RISD's corrected tax bill postponed the delinquency date for the 1994 taxes GE failed to pay before the original delinquency date of February 1, 1995. RISD contends section 26.15 has no provision that would postpone GE's delinquency. RISD further contends section 26.15 postpones delinquency only in situations in which a taxpayer has paid his taxes and later incurs additional tax liability as a result of a correction in the tax roll. *See* Tex. Tax Code Ann. § 26.15(e) (Vernon Supp.2001).[3] GE contends section 26.15(d)

---

1. Section 33.01 of the tax code reads in relevant part:

(a) A delinquent tax incurs a penalty of six percent of the amount of the tax for the first calendar month it is delinquent plus one percent for each additional month or portion of a month the tax remains unpaid prior to July 1 of the year in which it becomes delinquent. However, a tax delinquent on July 1 incurs a total penalty of twelve percent of the amount of the delinquent tax without regard to the number of months the tax has been delinquent. A delinquent tax continues to incur the penalty provided by this subsection as long as the tax remains unpaid, regardless of whether a judgment for the delinquent tax has been rendered.

(c) A delinquent tax accrues interest at a rate of one percent for each month or portion of a month the tax remains unpaid. Interest payable under this section is to compensate the taxing unit for revenue lost because of the delinquency. A delinquent tax continues to accrue interest under this subsection as long as the tax remains unpaid, regardless of whether a judgment for the delinquent tax has been rendered.

Tex Tax Code Ann. § 33.01(a), (c) (Vernon Supp.2001).

2. Rule 25.1 of the rules of appellate procedure reads in relevant part:

(c) *Who Must File Notice.* A party who seeks to alter the trial court's judgment or other appealable order must file a notice of appeal. Parties whose interests are aligned may file a joint notice of appeal. The appellate court may not grant a party who does not file a notice of appeal more favorable relief than did the trial court except for just cause.

Tex.R.App. P. 25.1(c).

3. Section 26.15(e) of the tax code reads in relevant part:

(e) If a correction that increases the tax liability of a property owner is made after the tax is paid, the assessor shall prepare and mail a supplemental tax bill in the manner provided by Chapter 31 of this code for tax bills generally. The additional tax is due on receipt of the supplemental bill and becomes delinquent if not paid before the delinquency date prescribed by Chapter 31

explicitly incorporates Chapter 31 of the tax code and, therefore, imports the delinquency postponement provision of section 31.04 of the tax code. *See id.* § 31.04 (Vernon 1992).[4]

## Standard of Review

 The parties agree that the proper standard of review for the trial court's conclusions of law is de novo. *See Hendrickson v. Swyers,* 9 S.W.3d 298, 301 (Tex.App.—San Antonio 1999, pet. denied); *Ysleta Indep. Sch. Dist. v. Godinez,* 998 S.W.2d 700, 702 (Tex.App.—El Paso 1999, no pet.). We will not reverse a conclusion of law unless it is erroneous as a matter of law. *See Piazza v. City of Granger,* 909 S.W.2d 529, 532 (Tex.App.—Austin 1995, no writ). Moreover, statutory construction is a question of law. *See Monroe v. Frank,* 936 S.W.2d 654, 659 (Tex.App.—Dallas 1996, writ dism'd w.o.j.).

## Resolving Disputes Over Appraised Values

The tax code creates an appraisal district in each county, and the district is responsible for appraising property in its jurisdiction for each taxing unit that imposes ad valorem taxes on property in the district. *See* Tex. Tax Code Ann. § 6.01 (Vernon 1992). A property owner may request changes in the appraised value of his property to correct the inclusion of property that does not exist in the form or at the location described in the appraisal roll. *See id.* § 25.25(c)(3) (Vernon Supp. 2001). The owner must request this change before the end of five years after the beginning of the tax year in which the requested changes are to be made. *See id.* If the district's chief appraiser and property owner do not agree to the correction under section 25.25(c), the property owner may request a hearing before the district's appraisal review board to resolve the disagreement. *See id.* § 25.25(e).[5] If the property owner does not agree with the review board's determination, he may file suit to compel the board to order a change in the appraisal roll. *See id.* § 25.25(g). GE followed this procedure and ultimately settled with DCAD on an agreed valuation of GE's taxable property for 1994 of $1,632,790, which was $139,260 less than DCAD had appraised the property.

## Corrected Tax Bills

 In its first issue, RISD questions whether the trial court correctly concluded the delinquency date for the 1994 taxes was postponed by the correction to the tax roll. After the correction to the tax rolls in 1999, RISD sent GE a corrected tax bill on February 1, 1999. The issue in this

---

of this code or before the first day of the next month after the date of the mailing that will provide at least 21 days for payment of the tax, whichever is later.
Tex. Tax Code Ann. § 26.15(e) (Vernon Supp. 2001).

4. Section 31.04 of the tax code reads in relevant part:
(a) If a tax bill is mailed after January 10, the delinquency date provided by Section 31.02 of this code is postponed to the first day of the next month that will provide a period of at least 21 days after the date of mailing for the payment of taxes before delinquent....

Tex. Tax Code Ann. § 31.04 (Vernon 1992).

5. At the time of GE's request for a hearing before the Dallas County Appraisal Review Board, section 25.25(c) did not require payment of the tax before final determination of the issues in the hearing. The legislature has since amended section 25.25(c) to require payment of the tax before the review board will issue a final determination. *See* Act of June 1, 1997, 75th Leg., R.S., ch. 1039, § 26, 1997 Tex. Gen. Law 3897, 3910 (codified at Tex. Tax Code Ann. § 25.25(e) (Vernon Supp. 2001)).

case is the effect of that corrected tax bill on GE's previous liability for delinquency penalties. The trial court entered a conclusion of law that, pursuant to section 31.04 of the tax code, the corrected tax bill mailed on February 1, 1999 postponed the delinquency date for the 1994 taxes until March 1, 1999.

Section 26.15(d) of the tax code sets out the procedure for assessing taxes when a correction in the tax roll changes a property owner's tax liability:

> Except as provided by Subsection (e) of this section [corrections that increase tax liability made after the tax is paid], if a correction in the tax roll that changes the tax liability of a property owner is made after the tax bill is mailed, the assessor shall prepare and mail a corrected tax bill in the manner provided by Chapter 31 of this code for tax bills generally. He shall include with the bill a brief explanation of the reason for and effect of the corrected bill.

TEX. TAX CODE ANN. § 26.15(d) (Vernon Supp.2001). GE asserts section 26.15(d)'s requirement that the assessor "prepare and mail a corrected tax bill in the manner provided by Chapter 31 of this code" incorporates the postponement of delinquency provision in section 31.04(a):

> If a tax bill is mailed after January 10, the delinquency date provided by section 31.02 of this code [February 1] is postponed to the first day of the next month that will provide a period of at least 21 days after the date of mailing for payment of taxes before delinquent. . . .

*Id.* § 31.04(a) (Vernon 1992). GE argues that because the corrected tax bill was not mailed until February 1, 1999, it timely tendered payment under that corrected tax bill before March 1, 1999. The trial court found that section 31.04(a) applied and that section postponed the delinquency date for payment of the 1994 taxes to March 1, 1999.

GE's argument and the trial court's conclusion of law applying section 31.04(a) suffer from at least two flaws. First, the application of section 31.04(a) is premised on its being applicable under section 26.15(d). Section 26.15(d) does not incorporate all of chapter 31; instead, it states, "the assessor shall prepare and mail a corrected tax bill in the manner provided by Chapter 31 of this code." *Id.* § 26.15(d) (Vernon Supp.2001). Thus, section 26.15(d) incorporates only those parts of chapter 31 concerning the preparation and mailing of corrected tax bills. *See id.* § 31.01 (preparation and mailing of tax bills). Postponement of the delinquency date does not concern preparation and mailing of a corrected tax bill. If the legislature had intended to incorporate the delinquency provisions in chapter 31 into section 26.15(d), it would have done so. Our conclusion is supported by the fact that in section 26.15(e), the legislature did incorporate "the delinquency date prescribed by Chapter 31 of this code." *Id.* § 26.15(e). Therefore, under the express language of section 26.15(d), section 31.04(a) does not apply.

The second flaw in GE's argument and the trial court's conclusion of law is the unstated assumption that the corrected tax bill completely voids the original tax bill. We disagree with this assumption. If the legislature had intended for a corrected tax bill to completely nullify the effect of an original tax bill, setting aside all penalties and interest applicable to nonpayment of that tax bill, it would have done so. Instead, section 26.15(d) concerns a "correction in the tax roll that changes the tax liability of a property owner." *Id.* § 26.15(d). It does not purport to alter the original delinquency date. By changing the amount of tax owed, the corrected

tax bill changes the amount of tax on which delinquency penalties are assessed; however, it does not purport to eliminate the property owner's liability for penalties from the failure to pay the original tax bill. The tax code postpones delinquency when a property owner timely pays a tax bill and a subsequent correction increases the tax liability. *See id.* § 26.15(e) (Vernon 1992). However, nothing in the tax code postpones the delinquency date of a tax bill while the property owner disputes the appraised value of its property with the appraisal district under section 25.25(c)(3). *See Galveston Indep. Sch. Dist. v. Heartland Fed. Sav. & Loan Ass'n,* 159 B.R. 198, 207 (S.D.Tex.1993) ("In Texas, a taxpayer can abate penalties while the resolution of a tax dispute is pending in only one way: pay (or at least offer to pay) the full amount of tax actually due.").

If GE had wished to avoid the assessment of additional penalties and interest while it litigated the appraisal value of its property with DCAD, GE should have followed the procedure in section 26.15(f): GE could have paid the taxes, litigated its dispute with DCAD, and obtained a correction to the tax roll; RISD would then have been obligated to "refund to the property owner the difference between the tax paid and the tax legally due." TEX. TAX CODE ANN. § 26.15(f) (Vernon Supp. 2001).

■ GE also asserts that public policy dictates that the delinquency date should have been postponed. GE argues that RISD should have accepted the check tendered on February 1, 1995, for the originally assessed amount of taxes. Although the amount tendered was sufficient to cover the amount of the corrected tax bill and penalties and interest as of February 1, 1995, it was less than the amount stated in the applicable statement (i.e., the original 1995 tax bill) for the tax, penalty, and

interest due if the taxes were paid in February 1995. A tender of payment must be for the entire amount due at the time of the tender. A tender for the amount of the tax without any applicable interest and penalties is ineffective. *See Spindletop Oil & Gas Co. v. Parker County,* 738 S.W.2d 715, 722 (Tex.App.—Fort Worth 1987, writ denied); *Dickinson Indep. Sch. Dist. v. McGowan,* 533 S.W.2d 127, 130 (Tex.Civ. App.—Houston [1st Dist.] 1976, no writ); *see also Galveston Indep. Sch. Dist.,* 159 B.R. at 207. Because GE failed to tender the entire amount due at the time of tender, its tender was ineffective. We conclude GE's public policy argument lacks merit.

We hold the trial court's conclusion of law number 7, "A tax statement mailed on February 1, 1999 for the 1994 tax year postpones the delinquency for the 1994 taxes until March 1, 1999, pursuant to Section 31.04 of the Texas Property Tax Code," is erroneous as a matter of law. We resolve RISD's first issue in its favor.

### Waiver

■ In its second issue, RISD questions whether GE is entitled to a waiver of penalties under section 33.011. Section 33.011(a)(1) provides:

The governing body of a taxing unit shall waive penalties . . . on a delinquent tax if an act or omission of an officer, employee, or agent of the taxing unit or the appraisal district in which the taxing unit participates caused or resulted in the taxpayer's failure to pay the tax before delinquency and if the tax is paid within 21 days after the taxpayer knows or should know of the delinquency. . . .

TEX. TAX CODE ANN. § 33.011(a)(1) (Vernon Supp.2001). The trial court made no finding of fact or conclusion of law that the penalties were waived under this provision. Although DCAD made an error in the tax

roll, no evidence shows that this error caused or resulted in GE's failure to pay the tax before delinquency. GE did not explain why it failed to pay the taxes on or before January 31, 1995. GE did not even discover the error until three months after it tendered the incorrect amount on February 1, 1995. GE should have been aware of the delinquency when it tendered payment for the wrong amount on February 1, 1995 because it was clearly noted on the original tax bill. Moreover, the record does not show GE has yet paid the taxes, and far more than twenty-one days have elapsed since February 1, 1995. We conclude that section 33.011(a)(1) is not applicable and cannot support the trial court's judgment on the record before us. We resolve RISD's second issue in its favor.

We reverse the trial court's judgment and remand this cause to the trial court for further proceedings consistent with this opinion.