Affirmed and Memorandum Opinion filed June 10, 2004









Affirmed and Memorandum Opinion filed June 10, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00006-CV

____________

 

ALBERT EARL
COLEMAN AND MARAAN J. COLEMAN, Appellants

 

V.

 

SNOOK INDEPENDENT
SCHOOL DISTRICT, Appellee

 



 

On Appeal from the 21st
District Court

Burleson County, Texas

Trial Court Cause No. 8534

 



 

M E M O R A N D U M   O P I N I O N








Albert Earl Coleman and Maraan J. Coleman
(AColemans@) appeal from a
judgment rendered against them in an ad valorem property tax suit.  Snook Independent School District (ASnook@) originally
brought suit against them for delinquent taxes, penalties and interest owed,
and foreclosure of its tax lien.  After a
bench trial, the trial court entered a judgment in favor of Snook that included
taxes, penalties, interest, and attorney fees. 
The Colemans assert three points of error on appeal: (1) the trial court
committed gross error in granting a judgment in favor of Snook; (2) the trial
court abused its discretion in denying the Colemans= motion for
summary judgment; and (3) the trial court erred in not entering an order
requiring Snook to waive penalty and interest on the delinquent taxes.  We affirm.

This case concerns roughly 10.95 acres out
of the J. Kincaid Survey, Abstract 33, in Burleson County.  Snook=s original
petition alleged the Colemans were delinquent for taxes on a 16-acre tract of
land.  However, after a partition and a
conveyance, the tract had been reduced to 10.95 acres.  The Colemans continue to use this discrepancy
as a basis for their complaints.  It is
clear from the record, however, that this discrepancy is no longer an
issue.  Snook does not challenge the fact
that the Colemans only own 10.95 acres. 
The Burleson County Appraisal District=s records were
corrected prior to trial.  Morever, the
trial court=s judgment ordered the Colemans to pay the
taxes owed on 10.95 acres.  

The present action was preceded by two default judgments that
were vacated after the Colemans complained they had not received adequate
service of process.   In addition to
their motion for summary judgment, which is the subject of their second point
of error, the Colemans filed a counter petition asserting a cause of action for
damages.  They allege that Snook=s claims should be barred by res
judicata in light of the two vacated default judgments.  Specifically, they allege that Snook=s claims are Awithout merit, and designed to
purposely harass, annoy, and cause [the Colemans] undue hardship and expense.@ 
The Colemans pleaded in their counter petition that they had suffered
actual damages of $10,000. 

In their first point of error the Colemans
contend the trial court erred in granting a judgment in favor of Snook.  Snook asks us to overrule the Colemans= point of error
because of inadequate briefing.  See Tex. R. App. P. 38.1(h) (requiring
briefs to Acontain a clear and concise argument for
the contentions made@). 
In its brief, Snook points out that is unable to identify the legal
basis for the Colemans= first point of error.  As a result, Snook presents multiple
arguments in an attempt to address appellant=s nebulous point
of error.  We, too, are unable to
identify the legal basis for the Colemans= argument on
appeal.  Accordingly, we overrule the
first point of error.     








The Colemans argue in their second point
of error that the trial court abused its discretion in denying their motion for
summary judgment.  Absent a statutory
exception, an appellate court may not review an order that is not final.  Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex.
2001).  An order denying a motion for
summary judgment is interlocutory and not appealable.  Novak v. Stevens, 596 S.W.2d 848, 849 (Tex.
1980) (citation omitted).  Accordingly,
we overrule the Colemans= second point of error.  

In their third point of error, the
Colemans argue the trial court erred by not waiving the penalties and interest
due on the outstanding taxes.  The
Colemans contend they asked Snook to waive the penalties and interest.  They claim that Snook refused, arguing that
it had no authority to do so.  The
Colemans direct us to section 33.011(a) of the Tax Code and assert that Snook
was incorrect in its belief.  Tex. Tax Code Ann. ' 33.011(a) (Vernon
Supp. 2004)  Thus, the Colemans ask this
court to issue an order waiving penalties and interest.   








Notwithstanding several amendments, section 33.011 clearly
requires payment of the entire amount due before penalties and interest may be
waived.  Tex. Tax Code Ann. ' 33.011(a) (Vernon
Supp. 2004); see also Richardson Indep. Sch. Dist. v. GE Capital Corp.,
58 S.W.3d 290, 295 (Tex.
App.CDallas 2001, no pet.).[1]  From the record, it is clear that the
Colemans never tendered the amount due. 
The discussion of  waiver of
penalties and interest occurred during the redirect examination of Mrs.
Coleman.  Although not entirely clear
from the record, it appears that the request for waiver of penalties and
interest was raised as part of the claim for damages asserted in the Colemans= counter
petition.  

Q: (By [the Colemans= attorney]) Mr. [sic] Coleman, in
case the Judge decides to award the Plaintiff some money, are you requesting
that any penalty or interest that may have accrued be waived in bringing this
action?  Are you making that request?

A: Well, yes, if
he finds grounds for awarding in favor of them, but I don=t have that same
picture in mind based on the documents that I have because he laid this aside
two or three times; but, yes, if so, without penalty and interest.  

We find nothing in section 33.011 that
would require Snook to waive the penalty and interests assessed under the
record presented here.  Accordingly, the
Colemans= final point of
error is overruled.  

The judgment of the trial court is
affirmed.  

 

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed June 10, 2004.

Panel
consists of Justices Yates, Anderson, and Hudson.











[1]  The statute
has undergone amendments during the most recent legislative sessions.  E.g., Act approved May 27, 2003, 78th
Leg., R.S., ch. 151, ' 2, 2003 Tex. Gen. Laws 226.  However, we need not discuss any amendment as
our decision depends only on the payment prerequisite.  The statute currently reads:

(a) The
governing body of a taxing unit:

(1) shall
waive penalties and may provide for the waiver of interest on a delinquent tax
if an act or omission of an officer, employee, or agent of the taxing unit . .
. caused or resulted in the taxpayer=s
failure to pay the tax before delinquency and if the tax is paid not later than
the 21st day after the date the taxpayer knows or should know of the
delinquency. 

Tex. Tax Code Ann. ' 33.011(a) (Vernon Supp. 2004).