**MARTIN K. EBY CONSTRUCTION COMPANY, INC., Appellant,**

v.

**LAN/STV, A Joint Venture of Lockwood, Andrews & Newman, Inc. and STV Incorporated, Appellee.**

No. 05–05–00447–CV.

Court of Appeals of Texas, Dallas.

Aug. 31, 2006.

Rehearing Overruled Nov. 13, 2006.

Jeffrey S. Levinger, Carrington, Coleman, Sloman & Blumenthal, L.L.P., Dallas, for Appellant.

James W. Grau, Grau Koen, P.C., Dallas, for Appellee.

Before Justices BRIDGES, FRANCIS, and LANG–MIERS.

## OPINION

Opinion by Justice LANG–MIERS.

This case analyzes derivative governmental immunity from liability under section 452.056(d) of the transportation code and article 6550d of the revised civil statutes.[1] Martin K. Eby Construction Company, Inc. (Eby) sued LAN/STV, a joint venture of Lockwood, Andrews & Newman, Inc. and STV Incorporated, in tort for misrepresentations it allegedly made in construction plans prepared pursuant to a contract between LAN/STV and Dallas Area Rapid Transit (DART). Eby alleged it relied on those plans to prepare its bid for construction of the extension of DART's light rail system and that the plans contained numerous deficiencies that resulted in substantial losses to Eby on the project. LAN/STV moved for summary judgment, arguing that derivative governmental immunity from liability and the economic loss doctrine barred Eby's claims. The trial court granted LAN/ STV's motion for summary judgment. Eby argues in this Court that LAN/STV did not establish as a matter of law that DART would be immune from liability if it had prepared the construction plans and that the trial court erred by granting summary judgment. We reverse the trial court's judgment and remand for further proceedings.

### STANDARD OF REVIEW

■ The trial court did not state the ground upon which it relied in granting summary judgment in favor of LAN/STV. Ordinarily, we review all grounds and will affirm if any ground has merit. *See Carr v. Brasher*, 776 S.W.2d 567, 567 (Tex.1989). However, on appeal, LAN/STV concedes that the only ground upon which summary judgment could have been granted was derivative governmental immunity from liability. Accordingly, we limit our analysis to that issue.

■ Additionally, we review an order granting summary judgment de novo. *Dickey v. Club Corp. of Am.*, 12 S.W.3d 172, 175 (Tex.App.-Dallas 2000, pet. denied). We must determine whether the movant met its summary judgment burden by establishing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex.2002). To obtain summary judgment on an affirmative defense such as immunity from liability, a movant must plead and conclusively establish each element of the affirmative defense. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex.1999); *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex.1995).

---

1. *See* TEX. TRANSP. CODE ANN. § 452.056(d) (Vernon 1999); TEX.REV.CIV. STAT. ANN. art. 6550d (Vernon Supp.2006).

### GOVERNMENTAL IMMUNITY

██ Central to this appeal is the principle that governmental immunity protects government entities from lawsuits for damages absent legislative consent. *See Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 405 (Tex.1997). The doctrine embraces two distinct concepts: (1) immunity from suit and (2) immunity from liability. *See id.* A government entity waives immunity from liability when it contracts with private citizens. *Id.* at 405–06; *see also Bd. of Regents of the Univ. of Tex. v. S & G Constr. Co.*, 529 S.W.2d 90, 95 (Tex.Civ. App.-Austin 1975, writ ref'd n.r.e.) (contractor could recover damages in breach of contract claim as result of government entity's failure to provide adequate construction plans).

The parties agree that DART is a regional transportation authority created under Chapter 452 of the Texas Transportation Code and, as such, enjoys governmental immunity from liability unless the legislature has waived that immunity.[2] *See* TEX. TRANSP. CODE ANN. §§ 452.001– .720 (Vernon 1999 & Supp.2006); *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 641 (Tex.2004); *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex.2003).

LAN/STV argues that it derives governmental immunity from liability from DART pursuant to section 452.056(d) of the transportation code and article 6550d of the revised civil statutes. Section 452.056(d) provides:

A private operator who contracts with an authority under this chapter is not a public entity for purposes of any law of this state except that an independent contractor of the authority that, on or after June 14, 1989, performs a function of the authority or an entity under Title 112, Revised Statutes, [footnote omitted] that is created to provide transportation services is liable for damages only to the extent that the authority or entity would be liable if the authority or entity itself were performing the function and only for a cause of action that accrues on or after that date.

TEX. TRANSP. CODE ANN. § 452.056(d).

Article 6550d provides:

A transportation entity created under this title for the purpose of providing public transportation as defined by Section 452.001, Transportation Code, is a governmental unit as that term is defined by the Texas Tort Claims Act (Chapter 101, Civil Practice and Remedies Code), and all operations of the entity are essential governmental functions and not proprietary functions for all purposes, including the application of the Texas Tort Claims Act. If an independent contractor of the entity is performing a function of the entity or of a regional transportation authority operating under Chapter 452, Transportation Code, the contractor is liable for damages only to the extent that the entity or authority would be liable if the entity or authority itself were performing the function.

TEX.REV.CIV. STAT. ANN. art. 6550d.

### STATUTORY CONSTRUCTION

We apply established principles of statutory construction to determine the meaning of language in a statute. Statutory construction is a question of law which we review de novo. *Johnson v. City of Fort Worth*, 774 S.W.2d 653, 656 (Tex.1989); *Richardson Indep. Sch. Dist. v. GE Capital Corp.*, 58 S.W.3d 290, 293 (Tex.App.- Dallas 2001, no pet.). In construing a statute, we must determine and give effect

---

2. The parties raise only immunity from liability.

to the legislature's intent. *Nat'l Liab. & Fire Ins. Co. v. Allen,* 15 S.W.3d 525, 527 (Tex.2000). The legislature's intent is determined by reading the language used in the particular statute and construing the statute in its entirety. *See In re Bay Area Citizens Against Lawsuit Abuse,* 982 S.W.2d 371, 380 (Tex.1998) (orig. proceeding); *Taylor v. Firemen's & Policemen's Civil Serv. Comm'n,* 616 S.W.2d 187, 190 (Tex.1981). The starting point is to look at the plain and common meaning of the statute's words, viewing its terms in context and giving them full effect. *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex.1998). If the language is unambiguous, we interpret the statute according to its plain meaning. *State ex rel. State Dep't of Highways & Pub. Transp. v. Gonzalez,* 82 S.W.3d 322, 327 (Tex.2002).

## DISCUSSION

Eby argues LAN/STV did not prove that DART would be immune from liability under the facts of this case and, as a result, LAN/STV did not conclusively establish its affirmative defense of immunity from liability. Eby argues the application of section 452.056(d) and article 6550d turns on whether DART would be immune from liability if it had performed the same *function* as LAN/STV (preparation of the construction plans), not whether DART would be immune from liability for the same *type of claim* as that asserted against LAN/STV (negligent misrepresentation). Eby also argues LAN/STV's interpretation of the statute would provide independent contractors a shield against liability that the legislature did not intend.

To support its argument that DART would not be immune from potential liability, Eby cites a Fifth Circuit case arising from the same facts. *See Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 471–72 (5th Cir.2004). After Eby discovered the alleged misrepresentations in the plans prepared by LAN/STV, Eby initially sued DART in federal district court for breach of contract and for misrepresentation. DART moved to dismiss on the grounds that Eby had not exhausted its administrative remedies and that Eby's misrepresentation claim was barred by governmental immunity. *Id.* at 467. The district court granted DART's motion on both grounds and dismissed Eby's claims. *Id.* Eby appealed the district court's order.

On appeal, the Fifth Circuit agreed, in part, with Eby. It looked at the substance of Eby's allegations, not at the characterization of the claim. *Id.* at 471–72. The court noted that "Eby's misrepresentation claim appears to be redundant to its first cause of action for breach of contract." *Id.* at 471. It noted that the "gravamen of both of Eby's claims is that DART's bid specifications contained material misrepresentations." *Id.* The court concluded that Eby's misrepresentation claim was "just a subset of its breach-of-contract claim" and, as presented, is a contractual claim, and should not have been dismissed as a tort claim barred by governmental immunity.[3] *Id.* at 472.

Conversely, LAN/STV argues that Eby's focus on the word "function" ignores the phrase "only to the extent" in both statutory provisions. It argues "only to the extent" means that if DART is immune from tort liability, then LAN/STV is derivatively immune from tort liability.[4] It ar-

---

3. The court nevertheless affirmed the dismissal of the misrepresentation claim because Eby failed to exhaust its administrative remedies against DART. *Eby,* 369 F.3d at 472.

4. Eby does not contend that DART has waived immunity from tort liability.

gues the statutes cannot be interpreted to mean that if DART would not be immune from liability in contract, then LAN/STV is not immune from liability in tort.

LAN/STV cites *GLF Construction Corp. v. LAN/STV*, 414 F.3d 553 (5th Cir.2005), a case with similar facts, to support its argument that it should be derivatively immune from liability. In *GLF Construction*, DART awarded GLF a contract for construction of an extension of its light rail system. *Id.* at 555. GLF encountered problems with LAN/STV's plans and sued LAN/STV in tort for professional negligence and misrepresentation. *Id.* As in this case, LAN/STV moved for summary judgment on the ground of derivative governmental immunity from liability pursuant to article 6550d. *Id.* Construing the term "only to the extent" in article 6550d, the court agreed with LAN/STV, concluding that "Texas law would not permit DART to be held liable in tort on these facts." *Id.* at 556–57. Although the court concluded that DART would be immune from liability in tort, it noted that GLF could pursue breach of contract claims against DART and that DART would not be immune from liability for those claims. *Id.* The court also noted that GLF did not argue that "its claims would be construed other than as tort claims if DART itself had performed the functions at issue" and limited its analysis to immunity from liabil-

ity for tort claims. *Id.* at 556 n. 3 (citing *Eby*, 369 F.3d at 472). As a result, the court did not reach the issue raised here: whether LAN/STV has immunity from liability for claims that, if asserted against DART, would be construed as breach of contract claims, and for which DART would not have immunity from liability.

■ In essence, LAN/STV contends that it has immunity from liability, although it also contends that Eby is not without a remedy because DART is not immune from liability.[5] But if DART is not immune from liability for performance of those functions, and LAN/STV derives its immunity from DART, LAN/STV is not immune from liability for performance of those same functions. To conclude that LAN/STV has immunity from liability for performance of those functions would place it in a better, not a derivative, position compared to DART. And to do so we would have to ignore the significance of the legislature's emphasis on the function performed rather than on the characterization of the claim.[6] Instead, we conclude that the determination of whether the independent contractor is entitled to derivative governmental immunity from liability depends on an analysis of the function performed, not simply the characterization of the claim. And we interpret the phrase "only to the extent" to mean that the damages available against an independent

---

5. It argues that *GLF Construction* is "persuasive because Eby here had available all of the remedies that GLF did in that case. Like GLF, Eby entered into a contract with DART by which Eby agreed to utilize DART's administrative dispute-resolution process to resolve 'any dispute concerning a question of fact or law arising under or related to [the] contract.'" (quoting *Eby*, 369 F.3d at 465). LAN/STV also points out that the *Eby* court "recognized that DART's administrative process was 'certainly broad enough to encompass' Eby's misrepresentation claim against DART." (quoting *Eby*, 369 F.3d at 472).

6. Section 452.056(d) and article 6550d specifically refer to the function performed. Article 6550d uses the word "function" again where it states that "all operations of [DART] are essential government functions ... for all purposes, including the ... Texas Tort Claims Act." Tex.Rev.Civ. Stat. Ann. art. 6550d. And section 452.052(c) uses the word "functions" where it states that "the operations of the authority are not proprietary functions ...." Tex. Transp. Code Ann. § 452.052(c) (Vernon 1999).

contractor are limited to those damages for which the government entity would be liable. *See Castro v. Cammerino,* 186 S.W.3d 671, 678 (Tex.App.-Dallas 2006, pet. denied) (independent contractor of government entity entitled to protection of statutory tort damage cap pursuant to section 452.056(d) of transportation code); *see also Tooke v. City of Mexia,* 197 S.W.3d 325, 49 Tex. Sup.Ct. J. 819, 820, 2006 WL 1792223 (Tex. Jun. 30, 2006) (recovery barred despite waiver of immunity because consequential damages not allowed against government entity).

As a result, we conclude LAN/STV has not established that section 452.056(d) and article 6550d provide it immunity from liability as a matter of law for Eby's negligent misrepresentation claim against LAN/STV. We sustain Eby's first issue.

## CONCLUSION

We conclude LAN/STV did not establish as a matter of law its affirmative defense of derivative governmental immunity from liability because it did not establish that DART would be immune from liability if DART had performed the function instead of LAN/STV. As a result, the trial court erred by granting LAN/STV's motion for summary judgment. We sustain Eby's first issue and reverse the judgment and remand for further proceedings.