NO









NO. 12-09-00113-CV

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

REX SMITH,                                                      '     APPEAL
FROM THE THIRD

APPELLANT

 

V.                                                                         '     JUDICIAL
DISTRICT COURT OF

CDI RENTAL EQUIPMENT, LTD. d/b/a

FUTURE RENTAL SERVICES and
FEI        

EQUIPMENT, LTD. d/b/a
FUTURE               '     HENDERSON
COUNTY, TEXAS

EQUIPMENT COMPANY and d/b/a


EQUIPMENT SUPPORT SERVICES,

APPELLEES

 





OPINION

            This
is an assumed name case.  Rex Smith appeals from a judgment, rendered after a
trial before the court, favoring Appellees CDI Rental Equipment, Ltd. d/b/a
Future Rental Services and FEI Equipment, Ltd. d/b/a Future Equipment Company
and d/b/a Equipment Support Services, in Appellees’ suit for damages.  In
thirteen issues, Smith alleges that Appellees cannot properly maintain suit against
him because he did not have a contract with the business entities named as
plaintiffs, there is no evidence of a valid contract or the elements of a sworn
account, and the trial court erred in awarding attorney’s fees and in failing
to find spoliation of evidence.  We reverse and render.

Background

            On
March 22, 2005, Smith rented a dozer, signing a rental agreement that has the
name “Future Rental Services” printed at the top.  Smith had problems with that
dozer in mid-May and exchanged it for a different one.  On June 22, the second
dozer was driven into a “water hole,” got stuck in mud, and stopped working.  The
dozer had to be pulled out and taken to the repair shop where it was determined
that there was water and sand in the transmission, the radiator was “plugged
with mud,” and the torque converter was full of sand.  The dozer was repaired
and Smith received a repair bill in the amount of $16,012.82.  Smith was also
billed $1,420.40 for costs to inspect the dozer on his property and transport
it back to the shop.  These two invoices have the name “Equipment Support
Services” printed at the top.  One of them also has the name “Future Equipment”
either typed or stamped at the top.  The other one also has the name “Future
Equipment Co.,” which appears to be printed by a fax machine.

            Because
Smith did not pay the invoices, he was sued in a Dallas County district court
in January 2006 for breach of contract and a sworn account.  The named
plaintiff on the original petition was Equipment Support Services, Inc. d/b/a
Future Equipment Company, Inc.  The named defendants were Smith and The
Travelers Lloyds Insurance Company.  In their first amended petition, Appellees
named as plaintiff Equipment Support Services, Inc. d/b/a Future Rental
Services and d/b/a Future Equipment Company, Inc.  In their second amended
petition, Appellees named as plaintiffs CDI Rental Equipment, Ltd. d/b/a Future
Rental Services and FEI Equipment, Ltd. d/b/a Future Equipment Company and also
d/b/a Equipment Support Services.  They further identified themselves as
follows:

 

CDI RENTAL EQUIPMENT, LTD. d/b/a FUTURE RENTAL
SERVICES is a Texas limited partnership with its principal place of business in
Houston, Harris County, Texas.  Its registered agent is Equipment Support
Services, Inc.  FEI EQUIPMENT, LTD. d/b/a FUTURE EQUIPMENT COMPANY and also
d/b/a EQUIPMENT SUPPORT SERVICES is a Texas limited partnership with its
principal place of business in Euless, Texas.  Plaintiffs are sister entities
and are hereafter collectively referred to as ‘ESS’.

 

In June 2006,
Appellees nonsuited The Travelers Lloyds Insurance Company and the suit was
transferred to Henderson County, where Smith resides.

            Smith
filed special exceptions complaining that he did not know which plaintiff, CDI
Rental Equipment, Ltd. or FEI Equipment, Ltd., is doing business as Future
Rental Services, the name on the rental agreement.  He further argued that the
plaintiffs should state why the entity that is not Future Rental Services is a
plaintiff in this cause of action.  He filed a sworn affidavit in support of
his special exceptions denying, among many other specific items, the execution
of a written contract identifying CDI Rental Equipment, Ltd. or FEI Equipment,
Ltd. as parties to the agreement.  He also denied that either of those two
entities did business under the name of Future Rental Services.

            In
its order granting Smith’s special exceptions, the trial court explained that
plaintiffs’ exhibits show that CDI Rental Equipment, Ltd. and its assumed name
registration in the assumed name of Future Rental Services ceased to exist on
August 6, 2003 when it merged into Equipment Support Services, Inc.  The court
noted that no plaintiff in the suit had shown that it is registered to do
business under the name of Future Rental Services.  The trial court gave the
plaintiffs fifteen days “to identify which of the two Plaintiff’s [sic] are
doing business under the assumed name of ‘Future Rental Services’ and stating
facts as to why the other party plaintiff, [sic] is a proper party to this
suit.”  

Shortly
thereafter, Appellees filed their third amended petition, identifying
themselves exactly as they had in their second amended petition.  A month
later, Appellees filed their fourth amended petition, identifying themselves
exactly as they had in their third amended petition.  However, in the factual
background section of the petition they explained that Smith “executed a rental
agreement with CDI Equipment, Ltd. [sic] d/b/a Future Rental Services” and the
bulldozer he rented “was owned by FEI Equipment, Ltd. d/b/a Future Equipment
Company.”  They explained that from the “time of the contract to the present,
CDI Equipment, Ltd. [sic] d/b/a Future Rental Services and FEI Equipment, Ltd.
d/b/a Future Equipment Company were ultimately being operated by Equipment
Support Services.”

            Smith
filed a motion to dismiss, arguing that the plaintiffs still had not identified
which plaintiff was doing business under the assumed name of Future Rental
Services or explained why the other plaintiff was a party to the suit as
ordered by the trial court.  The trial court denied Smith’s motion to dismiss.

            On
the day of trial, December 9, 2008, Smith moved to abate the lawsuit until the
plaintiffs provided proof that a proper assumed name certificate had been filed
for CDI Rental Equipment, Ltd.  Counsel for the plaintiffs produced evidence
that an assumed name certificate had been filed on November 27, 2007 showing
that Equipment Support Services, Inc. is doing business as Future Rental
Services.  Smith again argued that the entity named on the assumed name
certificate as doing business as Future Rental Services is not a plaintiff in
this lawsuit and that no assumed name certificate shows that CDI Rental
Equipment, Ltd. does business as Future Rental Services.  Noting that it was
hard to make sense of all the different names, the trial court denied the
motion to abate and proceeded to try the case.

After
a bench trial, the court found in favor of Appellees.  Mirroring the live
petition, the judgment names as plaintiffs CDI Rental Equipment, Ltd.
d/b/a Future Rental Services and FEI Equipment, Ltd. d/b/a Future Equipment
Company and also d/b/a Equipment Support Services, collectively ESS.  The court
ordered Smith to pay $17,433.22 in actual damages for breach of contract,
$25,000.00 in attorney’s fees, and prejudgment and postjudgment interest.

 

CDI Rental Equipment, Ltd.

            In
his first and twelfth issues, Smith contends the judgment against him cannot
stand because he signed a rental agreement with Future Rental Services, not the
named plaintiffs who sued him.  He asserts that CDI Rental Equipment, Ltd., a
named plaintiff, ceased to exist when it merged with Equipment Support
Services, Inc. in 2003 and therefore could not later enter into a contract with
him or file suit against him.  Further, he contends that no named plaintiff was
registered to do business as Future Rental Services.  Conversely, he asserts
that the only entity registered to do business as Future Rental Services is
Equipment Support Services, Inc., which is not a party to this suit.

Appellees’
Response

            Appellees
respond that Rule 28 of the Rules of Civil Procedure permits a party to sue in
its assumed name.  They also assert that as a result of the merger, all of the
attributes of corporate life were transferred to the successor, Equipment
Support Services, Inc.  Citing Sixth RMA Partners, L.P. v. Sibley,
111 S.W.3d 46, 53 (Tex. 2003), Appellees assert that Texas law supports their
position that their petition, filed under assumed names, was effective to
maintain suit against Smith on behalf of Equipment Support Services, Inc.  They
argue that the Texas Business and Commerce Code does not require them to amend
their petition to name a party using the assumed name and that Smith cites to
no case law to the contrary.

Standard
of Review

            Special
exceptions may be used to challenge the sufficiency of a pleading.  Friesenhahn
v. Ryan, 960 S.W.2d 656, 658 (Tex. 1998).  When the trial court
sustains special exceptions, it must give the pleader an opportunity to amend
the pleading.  Id.  Thereafter, if the plaintiff refuses or fails
to amend its petition in compliance with the trial court’s order, the trial
court may dismiss the case.  Perry v. Cohen, 285 S.W.3d 137, 142
(Tex. App. – Austin 2009, pet. denied).  In determining whether dismissal was
appropriate, we consider whether the last amended pleading complied with the
trial court’s order.  Id. at 146.  We take all allegations,
facts, and inferences in the pleadings as true and view them in the light most
favorable to the plaintiff.  Id.  We review the trial court’s
ruling for an abuse of discretion.  See Cole v. Hall, 864 S.W.2d
563, 566 (Tex. App. – Dallas 1993, writ dism’d w.o.j.) (en banc).  The test for
abuse of discretion is whether the trial court acted without reference to any
guiding rules or principles or acted in an arbitrary or unreasonable manner.  See
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex.
1985).

Applicable
Law

Rule
28 of the Texas Rules of Civil Procedure provides that an entity or individual
doing business under an assumed name may sue or be sued in that assumed name.  Tex. R. Civ. P. 28.  The Assumed
Business or Professional Name Act provides penalties for failing to file a
certificate.  A company’s failure to comply with the Act does not impair the
validity of any contract, but that company is prohibited from maintaining an
action in a Texas court arising out of a contract or act in which an assumed
name was used until an assumed name certificate has been filed.  Act of May 23,
1977, 65th Leg., R.S., ch. 403, § 1, 1977 Tex. Gen. Laws 1095, 1100-01, repealed
by Act of May 15, 2007, 80th Leg., R.S., ch. 885, § 2.01, 2007 Tex. Gen.
Laws 1905, 1935 (current version at Tex.
Bus. & Com. Code Ann. § 71.201 (Vernon 2009)).

Analysis

            The
business entity named on the rental agreement in this case is Future Rental
Services.  In 2000, CDI Rental Equipment, Ltd. filed an assumed name
certificate stating that it does business in the name of Future Rental
Services.  As Appellees note, when CDI Rental Equipment, Ltd. merged with
Equipment Support Services, Inc., all liabilities and obligations belonging to
CDI Rental Equipment, Ltd. became the liabilities and obligations of the
surviving entity, Equipment Support Services, Inc.  See Tex. Bus. Corp. Act, art. 5.06, §§
A(3), C (Vernon Supp. 2009).  In a merger, the privileges, powers, rights, and
duties of the corporation are transferred to the surviving corporation and are
there continued and preserved.  Bailey v. Vanscot Concrete Co.,
894 S.W.2d 757, 759 (Tex. 1995).  Moreover, CDI Rental Equipment, Ltd. ceased
to exist on August 6, 2003 when it merged with Equipment Support Services,
Inc.  See Tex. Bus. Corp. Act, art.
5.06, § A(1) (Vernon Supp. 2009); Bailey, 894 S.W.2d at 759.  Thus,
as a result of the merger, CDI Rental Equipment, Ltd., one of the two named
plaintiffs, has no actual or legal existence.  See Bailey, 894
S.W.2d at 759.  Civil suits may be maintained only by or against parties having
an actual or legal existence.  Id.  Accordingly, CDI Rental Equipment,
Ltd. was not a proper party to the suit and judgment cannot be rendered in its
favor.  See id.

            While
there was no valid assumed name certificate on file for Future Rental Services
on the date Smith rented the dozer or when this suit was filed, Equipment
Support Services, Inc. filed an assumed name certificate during the course of
the lawsuit stating that it does business in the name of Future Rental
Services.  Thus, pursuant to the Assumed Business or Professional Name Act,
Equipment Support Services, Inc. could bring suit in its assumed name.  See Sibley,
111 S.W.3d at 53.  Moreover, Equipment Support Services, Inc., as the surviving
corporation in the merger, may prosecute the claims of CDI Rental Equipment,
Ltd., the merging entity.  See N. Am. Land Corp. v. Boutte, 604
S.W.2d 245, 246 (Tex. Civ. App. – Houston [14th Dist.] 1980, writ ref’d
n.r.e.).         

            In
the original petition, the named plaintiff was Equipment Support Services, Inc.
d/b/a Future Equipment Company.  In the first amended petition, the named
plaintiff was Equipment Support Services, Inc. d/b/a Future Rental Services and
d/b/a Future Equipment Company, Inc.  However, beginning with the second
amended petition, Equipment Support Services, Inc. was not a named plaintiff.  

            An
amended pleading supersedes and supplants earlier original pleadings.  Tex. R. Civ. P. 65; Mercure Co.,
N.V. v. Rowland, 715 S.W.2d 677, 679 (Tex. App. – Houston [1st Dist.]
1986, writ ref’d n.r.e.).  Parties to a suit, including plaintiffs, are just as
effectively dismissed from a suit by omitting their names from an amended
pleading as where a formal order of dismissal is entered.  Rowland,
715 S.W.2d at 679.  When Equipment Support Services, Inc.’s name was not
included in the second amended petition, it was effectively dismissed from the
suit.  Woodruff v. Wright, 51 S.W.3d 727, 731-32 (Tex. App. –
Texarkana 2001, pet. denied).  Even though Smith repeatedly raised the issue
and Appellees repeatedly amended their petition, Equipment Support Services,
Inc. was not named as a plaintiff in the live pleading.  

Appellees’
argument that neither the statute nor case law requires them to amend their
petition to name the party using the assumed name is only partially correct. 
The statute does not include such a requirement.  However, the Texas Supreme
Court has, in a case cited by Appellees in their brief, held unequivocally
that, under Rule 28, the correct legal name of the party using the assumed name
must be substituted before judgment.  Sibley, 111 S.W.3d at 53. 
Equipment Support Services, Inc., the party currently doing business under the
assumed name Future Rental Services, was not a named party to the suit. 
Because CDI Rental Equipment, Ltd. no longer exists, the trial court abused its
discretion in denying Smith’s motion to dismiss the suit as to CDI Rental
Equipment, Ltd.  See Bailey, 894 S.W.2d at 759.  Accordingly, we
sustain Smith’s issues one and twelve.   

FEI Equipment,
Ltd.

In
his sixth issue, Smith contends, in part, that the trial court erred in
concluding that a contract existed between Smith and FEI Equipment, Ltd.  He points
out that the name of the entity on the written rental agreement dated March 22,
2005 was Future Rental Services.  He then argues that since FEI Equipment, Ltd.
did not prove that it was Future Rental Services, and no other contract was
proven, FEI Equipment, Ltd. does not have the capacity to sue on the contract
and there is no evidence to support the trial court’s conclusion that FEI
Equipment, Ltd. was a party to the contract.  In his eighth issue, Smith
asserts the trial court erred in concluding that he is liable on a sworn
account because FEI Equipment, Ltd. was not a party to the rental agreement and
because a lawsuit involving breach of a rental agreement is not a valid claim
on a sworn account.

Although
he used the word “capacity,” the substance of Smith’s complaint is that FEI
Equipment, Ltd. does not have standing to sue for breach of the rental
agreement.  Standing is a component of subject matter jurisdiction and cannot
be waived.  Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852
S.W.2d 440, 445 (Tex. 1993).  Standing limits subject matter jurisdiction to
cases involving a distinct injury to the plaintiff and a real controversy
between the parties that will be actually determined by the judicial
declaration sought.  Austin Nursing Ctr., Inc. v. Lovato, 171
S.W.3d 845, 849 (Tex. 2005).  In reviewing standing on appeal, we construe the
petition in favor of the petitioner, and if necessary, review the entire record
to determine if any evidence supports standing.  See Tex. Air Control Bd.,
852 S.W.2d at 446.  We review a challenge to a party’s standing, as well as a
challenge to the trial court’s conclusions of law, de novo.  Tex. Dep’t
of Transp. v. City of Sunset Valley, 146 S.W.3d 637, 646 (Tex. 2004); Richardson
Indep. Sch. Dist. v. GE Capital Corp., 58 S.W.3d 290, 293 (Tex. App. –
Dallas 2001, no pet.).

The general rule is that only the parties to a contract
have the right to complain of a breach thereof.  Wells v. Dotson,
261 S.W.3d 275, 284 (Tex. App. – Tyler 2008, no pet.).  In contract actions,
privity of contract is an essential element of recovery.  See Gonzales
County Water Supply, Corp. v. Jarzombek, 918 S.W.2d 57, 61 (Tex. App. –
Corpus Christi 1996, no writ).  In order to maintain an action to recover
damages flowing from the breach of a written contract, there must be privity
existing between the party damaged and the party sought to be held liable for
the repudiation of the agreement.  Id.  Additionally, a suit on a
sworn account is not an independent cause of action; it is a procedural rule
with regard to evidence necessary to establish a prima facie right of recovery
of certain types of contractual (account) claims.  See Tex. R. Civ. P. 185; Sanders v.
Total Heat & Air, Inc., 248 S.W.3d 907, 914 (Tex. App. – Dallas
2008, no pet.).

A review of the rental agreement reveals that privity
exists between Future Rental Services and Smith.  The record shows that Future
Rental Services is the assumed name of Equipment Support Services, Inc., an
entity that is not a party to this suit.  The record also shows that FEI
Equipment, Ltd. is not Future Rental Services and not a party to the rental
agreement.  Therefore, FEI Equipment, Ltd. lacks standing to maintain a cause
of action against Smith for breach of the rental agreement or for a sworn
account arising out of the agreement.  See Wells, 261 S.W.3d at
284-85.  Accordingly, there is no evidence to support the trial court’s
conclusion that FEI Equipment, Ltd. was a party to the rental agreement or that
Smith is liable to FEI Equipment, Ltd.  Id. at 285.  To the
extent Smith complains that the trial court erred in concluding that a contract
existed between Smith and FEI Equipment, Ltd., we sustain Smith’s sixth and
eighth issues.  

Conclusion

Appellee CDI Rental Equipment, Ltd. did not exist at the
time suit was filed against Smith.  Therefore, it did not have standing to
assert a claim against him.  See Armes v. Thompson, 222 S.W.3d
79, 83-84 (Tex. App. – Eastland 2006, no pet.) (Decedent did not have actual or
legal existence, did not represent a legal entity for purposes of filing suit,
had no standing, and her petition did not invoke the trial court’s
jurisdiction.).  FEI Equipment, Ltd. was not a party to the rental agreement
and therefore lacks standing to sue on the agreement.  Because issues one, six,
eight and twelve present error that is dispositive of the entire case, we need
not consider the remainder of Smith’s issues.  See Tex. R. App. P. 47.1.  

Accordingly, we reverse the trial court’s
judgment and render judgment dismissing the cause for
want of jurisdiction.

                                                                                                    
JAMES T. WORTHEN    

                                                                                                                
Chief Justice

 

Opinion delivered March 30, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

(PUBLISH)